## W. Green v. The State.

### No. 2430. Decided April 30, 1913.

**1.—Theft from Person—Sufficiency of the Evidence.**

Where, upon trial of theft from the person, the evidence sustained the conviction under a proper charge of the court, there was no error.

**2.—Same—Charge of Court—Defensive Theories.**

Where, upon trial of theft from the person, the evidence for the defense showed that the alleged injured party lost the alleged stolen money in a game of craps and the court properly submitted this theory of defense, the contention that the court's charge limited such defensive theory was not well taken, and there was no error.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. John M. Conley, Acting Judge.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft from the person, his punishment being assessed at two years confinement in the penitentiary.

It is unnecessary to go into a detailed statement of the evidence. There were two issues sharply put; that for the State shows a clear case of theft from the person, while appellant's evidence is to the effect the alleged injured party lost the money in a gambling hell in a game of dice called craps. On the face of the evidence the jury was justified in believing the State's view of the case. They saw proper to do so, and this court would not be justified in holding that the verdict was wrong from that standpoint. The court submitted the State's side of it in the ordinary way, and for the defendant charged that if the jury should believe the defendant won the money gambling with dice from the alleged owner, or in a game in which said owner participated, they should acquit the defendant, or if they had a reasonable doubt of those questions they should acquit. This charge is attacked as being incorrect. The contention is that the court erred in limiting the defensive theory that defendant won the identical money described in the indictment from the owner or in a game in which he participated, whereas said charge should have authorized the jury to return a verdict of not guilty, if they found and believed, or had a reasonable doubt as to whether or not defendant came into possession of the money described in the indictment, or any part thereof, in any other manner than that charged in the indictment, there being evidence to the effect that defendant had earned money, and a portion of the money taken from him and described in the indictment in legitimate labor during the week just ending at the date of the alleged offense and such charge eliminated from the consideration of the jury the mooted question as to whether or not Renchie, the injured party, had any such sum of money at the time it is alleged same was taken from him. We are of the opinion there is no merit in this. The theory of the defense was that Renchie, the alleged injured party, went into the gambling room and engaged in a game of dice and lost his money, and that appellant won the money. Some of the witnesses testified that the injured party changed a ten dollar bill and lost the money in that manner; some of them testified that they saw him bet a ten dollar bill; and it is also in evidence by some of the defendant's evidence that the injured party lost a five dollar bill and a two dollar bill on the game. It seems, however, that

defendant won all the money that was lost. The jury would not be misled under the charge of the court that if appellant won the money on the game, either directly from the alleged injured party, or that Renchie, the injured party, lost it in a game in which appellant participated, in either event appellant would not be guilty of theft from the person under the State's case. The State's case was strongly put as testimony could put it, and if true the appellant snatched $27 in currency from Renchie on the street, and did not get it in the gambling room. Renchie's testimony was that he had just emerged from a restaurant, where he had gone to purchase fish, and had the money in his hand—two ten dollar bills and a five dollar bill, and a two dollar bill—and appellant grabbed the money and fled with it; that he chased him some distance into a room where he called an officer, who arrested appellant and took the $27 from him. The officer testifies to the fact that Renchie called him, and that he took the $27 away from appellant. Appellant's whole case was that he won the money in the crap game. Under these facts we do not believe there was any error in the court's charge, and that the criticisms are not of such a nature as would authorize a reversal of the judgment.

It is therefore ordered to be affirmed.

*Affirmed.*