## HUNKUS LAWRENCE MITCHELL V. THE STATE.

No. 23255. Delivered January 2, 1946.

The opinion states the case.

*Harvey P. Shead,* of Longview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft from the person. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant has seven bills of exception in the record wherein he complains in various ways of the action of the trial court in declining to instruct the jury to return a verdict of not guilty, and also in declining to grant him a new trial. Since these bills relate to the same subject, they will be considered and disposed of together. Whether or not there is merit in his contention depends entirely upon the evidence introduced upon the trial of the case.

The State's evidence, briefly stated, shows that appellant was a porter on a passenger train of the Texas & Pacific Railroad operating between Texarkana and Fort Worth via Marshall. Gladys Galaspie, a negro woman, who lived at Marshall but was employed at the Dallas Regional Quartermaster's Repair Shop, would make occasional trips to her home in Marshall. On the 26th day of December, 1944, she was on a visit to her relatives and intended to return to Dallas on the Texas & Pa-

cific train, which was due in Marshall at 4:45 P. M. She had a handbag containing a $20.00 bill and three $1.00 bills, besides some change. She also had a pass which entitled her to ride on the train. When the train pulled up to the depot in Marshall, she had her handbag under her arm and some luggage in her hand, besides the pass. When she undertook to get aboard the train, appellant told her that she could not ride that train with a pass; that if she did she would have to pay the fare. Notwithstanding his protest, she endeavored to get on the train and he tried to prevent her from doing so. She shoved him aside and started up the steps when he suddenly took the handbag from under her arm, closed the door to the vestibule and went into the coach occupied by the white people. She entered the coach set aside for the negro passengers. After the train had pulled out of Marshall, and the conductor came to take up the tickets, she handed him her pass, which he accepted, and she then told him what had happened. When the train arrived at Dallas, appellant was arrested but the bag and its contents were not recovered.

Appellant took the witness stand and denied that he took the bag from the possession of the prosecuting witness. He contends: first, that there is not any evidence showing a fraudulent taking; second, that there is not any evidence that the purse was taken without the consent of the prosecutrix; and third, that there is not sufficient evidence to show that it was taken so suddenly as not to allow time to make resistance before the property was carried away. We are not in accord with his contention. We think that the evidence is abundant to show that he entertained a fraudulent intent at the time he snatched the handbag from under her arm, carried it away and failed to return it. We are also of the opinion that there is sufficient evidence upon which the jury could reasonably base their conclusion that he took it without her consent and so suddenly as not to allow time under the circumstances then and there existing to make resistance before he departed with it. She had her hands full, the train was very crowded, and instead of going into the negro coach, he went through the coach occupied by the white people, into the vestibule and opened the door to that coach, during which time the prosecutrix was complaining and, as she testified, "was raising sand."

Section 3 of Article 1438, P. C., provides that "it is only necessary that the property stolen should have gone into the possession of the thief; it need not be carried away in order to

complete the offense." Therefore, when appellant took the hand-bag from under her arm so suddenly as not to allow her time to make resistance, the offense was complete, notwithstanding she could have pursued him and might have recovered it. Appellant cites us to the case of Mayzone v. State, 225 S. W. 55, 88 Tex. Cr. R. 98, as sustaining his contention. We have examined the opinion in that case rather carefully and find it quite easily distinguishable from the instant case upon the facts.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.