Thaddeus MACK, Appellant,

v.

The STATE of Texas, Appellee.

No. 43695.

Court of Criminal Appeals of Texas.

April 20, 1971.

Thomas N. Thurlow, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Gene Miles, Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for theft from person with the punishment being assessed by the jury at 2 years' confinement in the Texas Department of Corrections.

The sole question presented on appeal is the sufficiency of the evidence to support the conviction, it being appellant's contention that the theft of the purse was from a grocery shopping cart and not from the person of the complaining witness.

Eugene Edwards, an off-duty Houston Police Officer, was working as a security officer at the Weingarten's Store at 4100 Almeda in the city of Houston on Sunday, October 26, 1969. In the store that afternoon he overheard the appellant Mack tell Charles Selma Lewis, "I will go up on this side of her, and you walk around to the other side and get it." He then observed the appellant Mack engage Mrs. Swan, the complaining witness, in a conversation, and saw Lewis jerk the purse and run up the aisle while Mrs. Swan screamed. The store's exits were blocked. First, the appellant and then Lewis were arrested, but a search of the store failed to result in a recovery of the purse.

Mrs. Anna Lee Swan testified that while she was shopping on the date in question in Weingarten's the appellant approached her, inquired about olives and that suddenly she noticed her purse was gone and she screamed. As to the position of the purse in relation to her person the record reflects the following on cross-examination:

"Q. Where was your purse, Mrs. Swan?

"A. It was on my cart.

"Q. On your shopping basket?

"A. It was on a metal shopping cart.

"Q. It wasn't around your arm?

"A. No, I had my hand on the cart.

"Q. It was in your basket; it wasn't on your person?

"A. Well, I wasn't carrying it, no sir.

\* \* \* \* \* \*

"A. Well, no, because I had it when I turned the corner, and I watched it; when I hang it on my cart I always watch it, but this time I turned my back to look at something, and that is when it happened."

Upon presentation of a motion for an instructed verdict, the court stated: "I will overrule that. I think probably with

her hand on the cart and the purse in the cart, that would be on her person and possession."

Testifying in his own behalf appellant related he had gone to the store with Lewis, his cousin, to whom he had loaned $30.00 to buy groceries; that after separating inside the store he encountered a man whom he knew by sight but not by name who stated to him, "Hey, man, I can beat this broad if you block for me," and that he replied, without looking "at the lady," "Well, no man, that is not my game." Appellant then testified he subsequently encountered Mrs. Swan and inquired about the difference between certain type of olives, that she became very talkative, and then suddenly screamed her purse was gone. He related that he and then Lewis, who was pushing a grocery cart up the aisle, were arrested.

Lewis was called as a witness for the defense. He denied any knowledge of the offense, relating that he was merely shopping in the store after borrowing money from the appellant when he was arrested. He was then impeached by use of a stipulation utilized the day before when he entered a guilty plea to this same offense. Such stipulation reflected that he had taken "from the person and possession of Anna Lee Swan" the personal property alleged without her consent and knowledge.

The charge of the court, to which there was no objection, instructed the jury as to the elements of the offense in accordance with Article 1438, Vernon's Ann.P.C. The jury was instructed that "the theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it is taken."

Viewed in the light most favorable to the jury's verdict, we deem the evidence sufficient to support the verdict and appellant's conviction as a principal to the offense charged.

Appellant relies upon Day v. State, 53 Tex.Cr.R. 648, 111 S.W. 408, which we conclude is distinguishable from the instant case. There the evidence reflected the complainant had placed his money on a counter; that he did not have it in his possession and was not touching it when it was stolen.

The theft of the shopping cart under the circumstances presented would have been theft from person, therefore, it would be difficult to argue that theft of the purse from the cart upon which the complaining witness had her hand would not constitute theft from person. See Lasker v. State, 163 Tex.Cr.R. 337, 290 S.W.2d 901.

Finding no reversible error, the judgment is affirmed.