**Dwight E. EARLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 886–82.

Court of Criminal Appeals of Texas,
En Banc.

April 9, 1986.

Stephen A. Doggett, Richmond, for appellant.

William A. Meitzen, Dist. Atty., and Donald W. Bankston, Asst. Dist. Atty., Victoria, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was indicted for robbery. A jury convicted him of theft and assessed

his punishment at ten years' confinement and a fine of $5,000. The Fourteenth Court of Appeals affirmed the conviction. 650 S.W.2d 858 (Tex.App.—Houston [14th dist.], 1982). We granted appellant's petition for discretionary review on four grounds, two of which deal with the sufficiency of the evidence and two of which deal with the court's charge on the lesser included offense of theft from a person.

Van Anh Thi Phan testified that on February 14, 1981, she worked as a cashier at U-Totem store number 202 in Missouri City. About 9:00 a.m. on February 14, appellant walked into the store, picked up a package of gum, and asked how much it cost. Phan told him the price and he said to her "I am robbery. I want the money."[1] Phan looked at him and he pulled his shirt up in such a manner that Phan thought he had a gun, although she did not see one. Phan took the money out of the cash register, including a dollar bill which, when removed, set off an alarm at the police department. She gave the money to appellant, who told her he also wanted the money in her purse. She gave him that money. After learning that Phan could not open the store's safe, appellant demanded two packages of Kool cigarettes and then told Phan to go to the back room. As she walked to the back, the telephone rang. Phan answered the phone and responded "yes" to the caller, Sharon Engle, who was a police dispatcher who asked her if there was a problem. Phan then hung up the telephone. Appellant told her to lock the front door. Phan said she was looking for the key when the police arrived and ordered appellant to come outside.

R.J. Hornisher, employed as a police officer with the Missouri City Police Department, testified that he drove to U-Totem store number 202 in response to a radio dispatch that a robbery was occurring there. He went to the front door of the store and saw Phan, whom he recognized as the store manager, and appellant walking toward the back of the store. Hornisher drew his weapon and instructed appellant to step outside. Hornisher patted appellant down, but did not find any weapons. He arrested appellant and turned him over to Detective Elmo Cepeda, who searched him and found cash and two packages of Kool cigarettes.

Appellant contends that the trial court committed fundamental error by instructing the jury on the offense of theft from a person because it is not a lesser included offense of robbery. Appellant argues that "theft from a person" has acquired a technical or particular meaning and must be so construed under the new Penal Code. Under appellant's construction, theft from the person requires an additional element of taking from the actual person of the victim, which is not an element of robbery, and, thus, theft from a person cannot be a lesser included offense of robbery.

As the Court of Appeals noted, theft from a person is no longer a separate offense. V.T.C.A. Penal Code, Sec. 31.02 consolidated the various acts of theft under one statute, Sec. 31.03, and sought to abolish distinctions formerly made between those various acts. *McClain v. State*, 687 S.W.2d 350 (Tex.Cr.App.1985); *Bradshaw v. State*, 518 S.W.2d 548 (Tex.Cr.App.1975). Sec. 31.03 states, in pertinent part:

(a) "A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent; or

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another.

The offense of theft consists of the aforementioned elements, which describe two methods of committing theft [see *Hughes v. State*, 561 S.W.2d 8 (Tex.Cr.App.1978)], as well as one of the provisions of V.T.C.A.

---

1. Phan had only been in the United States for six years and had some trouble communicating in English.

Penal Code Sec. 31.03(d),[2] (as amended through 1983) which enumerates jurisdictional, penalty provisions like "from a person." *Sanders v. State*, 664 S.W.2d 705 (opinion on rehearing) (Tex.Cr.App.1984). Thus, an allegation of theft must include the elements of subsections (a) & (b), *Hughes*, supra, and must also include a jurisdictional element from subsection (d), whether that be a certain value or other enumerated circumstance such as "from a person." See *Sanders*, supra. These penalty elements can vary from prosecution to prosecution depending on what provision of subsection (d) is used, i.e.; prior theft convictions, property stolen from a person, property stolen from a human corpse or human grave. A charge on theft under Sec. 31.03(a) which also includes the element "from the person" under Sec. 31.03(d)(4)(B) properly charges the offense of theft.

■ Appellant was indicted for robbery under V.T.C.A. Penal Code, Sec. 29.02(a)(2). Sec. 29.02(a)(2) states:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

Sec. 29.01 states:

"(1) 'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft."

To determine whether theft from a person is a lesser included offense of robbery we turn to Art. 37.09, V.A.C.C.P. The applicable part of Art. 37.09, V.A.C.C.P., states:

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. . . ."

Theft may be a lesser included offense of robbery. *Parr v. State*, 658 S.W.2d 620 (Tex.Cr.App.1983); *Campbell v. State*, 571 S.W.2d 161 (Tex.Cr.App.1978). Appellant was charged by indictment with robbery, which included the allegation of the statutory element "in the course of committing theft." Theft, by whatever method committed, is necessarily included in the alleged elements of the greater offense of

2. Art. 31.03(d) states:
Except as provided by Subsection (e) of this section, an offense under this section is:
(1) a Class C misdemeanor if the value of the property stolen is less than $20;
(2) a Class B misdemeanor if:
(A) the value of the property stolen is $20 or more but less than $200; or
(B) the value of the property stolen is less than $20 and the defendant has previously been convicted of any grade of theft;
(3) a Class A misdemeanor if the value of the property stolen is $200 or more but less than $750;
(4) a felony of the third degree if:
(A) the value of the property stolen is $750 or more but less than $20,000, or the property is one or more head of cattle, horses, sheep, swine, or goats or any part thereof under the value of $20,000;
(B) regardless of value, the property is stolen from the person of another or from a human corpse or grave; or
(C) the value of the property stolen is less than $750 and the defendant has been previ-

ously convicted two or more times of any grade of theft; or
(5) a felony of the second degree if:
(A) regardless of the value, the property is:
(i) combustible hydrocarbon natural or synthetic natural gas, or crude petroleum oil;
(ii) equipment designed for use in exploration for or production of natural gas or crude petroleum oil; or
(iii) equipment designed for use in remedial or diagnostic operations on gas or crude petroleum oil wells;
(B) the value of the property stolen is $20,000 or more; or
(C) regardless of the value, the property was unlawfully appropriated or attempted to be unlawfully appropriated by threat to commit a felony offense against the person or property of the person threatened or another or to withhold information about the location or purported location of a bomb, poison, or other harmful object that threatens to harm the person or property of the person threatened or another person.

robbery, when, as in the instant case, the indictment alleged "in the course of committing theft." Robbery requires an additional element, which in the instant case was Sec. 29.02(a)(2). The proof showed a completed theft, specifically, theft from a person, which is one of the means of committing theft under Sec. 31.03(a) & (d). Proof of theft plus proof of Sec. 29.02(a)(2) shows robbery. Therefore, theft is a lesser included offense of robbery under Art. 37.-09(1). The ground of error is overruled.

■ Appellant contends that the evidence is insufficient to support his conviction because the victim did not identify him as the perpetrator of the theft. Phan testified that the perpetrator was a black man, wearing white pants and a short sleeved jacket. She could not remember if he was wearing a hat. She also testified that the perpetrator was the only person in the store besides herself, and that he was the man whom the police took away. At trial Phan misidentified one of the jurors as the perpetrator of the offense.

Officer Hornisher testified that when he arrived at the store a man, whom he identified as appellant, and the store manager were the only ones inside the store. Appellant was wearing white pants, a black, long-sleeved coat and a cap. At trial Hornisher identified appellant as the same man whom he arrested at the U-Totem.

Evidence as to the identity of the perpetrator of an offense can be proved by direct or circumstantial evidence. *Oliver v. State*, 613 S.W.2d 270 (opinion on rehearing) (Tex.Cr.App.1981). In the instant case Phan testified that the man who demanded and took money from her was the only one in the store with her, and that he was the man whom the police took away when they arrived on February 14. Hornisher identified appellant as the man who was inside the store when he arrived there on February 14. He said appellant and the store manager were the only ones inside the store and that appellant was the man he arrested for the theft at the U-Totem. This evidence is sufficient to prove that appellant was the perpetrator of the of-

fense. Any discrepancies in the description of appellant's clothing or appearance go to the weight and credibility of the witnesses and were before the jury for their consideration. See *Bowden v. State*, 628 S.W.2d 782 (Tex.Cr.App.1982). The ground of error is overruled.

■ In a second sufficiency ground, appellant contends that the evidence is insufficient to support a conviction for theft from the person because the evidence does not show a touching of the person by appellant. Appellant relies on cases decided under the former penal code under which theft from the person was a separate and distinct offense with elements different from those under Sec. 31.03. See V.T.C.A. Penal Code, Art. 1438.

Art. 1438 stated:

To constitute the offense each following circumstance must concur:

1. The theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it is taken.

2. The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away.

3. It is necessary that the property stolen should have gone into the possession of the theft; it need not be carried away in order to complete the offense.

Contrary to appellant's assertion, cases decided under Art. 1438 did not require an actual touching. Rather, the property simply had to be taken from the physical body of the person or from their grasp or immediate possessions, i.e., money in a pocket, or from one's hand or a purse which was with the person and is viewed almost as an extension of the person. Whether or not an actual touching occurred during such act of taking did not matter. *Boyd v. State*, 29 S.W. 157 (Tex.Cr.App.1895); *Jarrott v. State*, 96 Tex.Cr.R. 239, 257 S.W. 256 (1924). In *Mack v. State*, 465 S.W.2d 941 (Tex.Cr.App.1971) a conviction for theft from a person was upheld wherein the de-

fendant took a purse from the shopping cart which the complainant was pushing. No actual touching was required.

Art. 1438(1) sought to distinguish theft from a person from ordinary theft where a defendant took property that he knew belonged to another, that was, for example, sitting on a counter or on a floor. The taking did not involve any risk of fright or injury because it was not taken from a person, as in purse snatching or pickpocketing or taking money from one's hand, wherein a struggle might occur or a defendant might injure a person to take the property. Cf. *Bassett v. State*, 83 Tex. Cr.R. 479, 204 S.W. 112 (1918); *Day v. State*, 53 Tex.Cr.R. 648, 111 S.W. 408 (1908); *Gibson v. State*, 100 S.W. 776 (Tex. Cr.App.1907); and V.T.C.A. Penal Code, Sec. 31.03, Practice Commentary. While the specific requirements of Sec. (1) are no longer contained in the penal code, the interest in punishing conduct which involves the risk of injury inherent in taking property from a person has been carried over into the current theft statute as a jurisdictional or punishment element which makes the theft a felony regardless of the value of the property taken. See 31.03(d)(4)(B). Thus, these injury considerations apply in the instant case where appellant demanded and took property from the immediate possession, i.e., the hand of the victim. Phan testified that she gave appellant the money from the cash register and from her purse. At one point she said that appellant told her he wanted the money on the counter. However, we need not decide whether such a taking would constitute theft from a person because Phan also testified that she gave appellant the money. This is sufficient to prove theft from a person even under Art. 1438. See *Mack*, supra; *Mitchell v. State*, 149 Tex.Cr.R. 62, 191 S.W.2d 480 (1946); *Green v. State*, 70 Tex.Cr.R. 256, 156 S.W. 682 (1913). The ground of error is overruled.

■ Appellant contends that Sec. 31.-03(d)(4)(B) is unconstitutionally vague because if theft from a person does not require an actual touching, it is impossible to differentiate between robbery, theft from the person, and "ordinary" theft.

A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute. *Wells v. State*, 576 S.W.2d 857 (Tex.Cr.App.1979). As noted previously, robbery under Sec. 29.02 requires additional elements besides those required for theft. Robbery is clearly distinguishable from theft and gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. *Wells*, supra. Likewise, theft under Sec. 31.03(a) & (b) sufficiently describes what conduct constitutes an offense so as to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute. The fact that a defendant might not know which of several penalty provisions he will actually be charged with does not render the provisions vague.

■ As discussed under appellant's sufficiency ground, theft from a person requires certain specific conduct—a taking from the person or from their immediate possession. The availability of alternative jurisdictional or penalty elements does not render the statute vague so long as those elements are sufficiently described. In light of our previous discussion of theft from a person we hold that "from a person" is sufficiently clear and definite to provide fair notice to a person of ordinary intelligence that contemplated conduct would constitute theft from a person under Sec. 31.03(a) & (d).

■ Nor does the fact that the jurisdictional element which determines the basis of punishment (subsection d) may be charged under several provisions render the statute arbitrary. The State has limited discretion within the guidelines of the statute to charge an offense under one part of a statute or another or even as to charge one particular offense as opposed to another offense when a person's conduct meets the requirements. The fact that a person's conduct violates two parts of a statute or even two different statutes does not make

the statute vague as long as the proscribed conduct is described so as to give a person fair notice that it violates the statute. The ground of error is overruled. The judgment of the court of appeals is affirmed.

TEAGUE, J., concurs in the result.