Amos George SIMS, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–483–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 28, 1987.

James R. Chapman, Caldwell, for appellant.

Charles J. Sebesta, Jr., Caldwell, Larry Urquhart, Brenham, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Amos George Sims appeals a conviction for theft from the person of another. After finding three enhancement paragraphs true, the court sentenced appellant to twenty-five years incarceration.

Appellant brings three points of error on appeal: (1) the trial court erred in denying his motion to dismiss the indictment be-cause it did not specify the offense charged, (2) the evidence is insufficient to find the property was taken from the person of another, and (3) the evidence is insufficient to support his conviction as a party to the offense. We reverse the judgment.

Because we find the evidence insufficient to support appellant's conviction for theft from the person of another, we need not address his additional points of error.

The facts are as follows: Billy Schmidt testified that he and his wife, Ruby, owned and operated "Bill's Ice House." On June 8, 1985, appellant and two other persons entered the store together. Ruby Schmidt was sitting in an adjacent kitchen eating supper. Mr. Schmidt testified that appellant walked to the back of the store to get a Pepsi. He then brought it to the counter where Mr. Schmidt was standing and set the drink on the counter. Mr. Schmidt rang up the sale on the cash register and the cash drawer opened. At this moment appellant asked Schmidt about "some snuff back there." When Schmidt turned around to the snuff displayed behind him, appellant then dropped or threw the change he had taken from his pocket onto the floor behind the counter where Schmidt was standing.

After the change hit the floor, both Mr. Schmidt and appellant knelt down to pick up the coins from the floor. While doing this, appellant kept pointing and telling Schmidt he thought some of his change was "over there behind those things."

Mr. Schmidt testified that while he was down on the floor, his wife yelled from the kitchen to one of appellant's companions "to get his hands out of the cash register." Schmidt immediately stood up, looked in the open cash drawer, and observed that some of his $10 bills were missing. According to Schmidt, his wife saw appellant's companion "run his hand over there and grab the money."

After Schmidt stood up and saw that some of his money in the cash drawer was

gone, appellant and his companion pulled their pockets inside out and shouted "search me, search me" and "I ain't got no money." When he turned his pockets inside out, appellant laid his wallet on the counter. Schmidt testified he did not search appellant and the companion who grabbed the money because it was impractical to try to do so.

Appellant and his companions left the store and walked together to an automobile parked about 150 feet down the road. Schmidt observed the men get into the car and drive away.

Appellant left his wallet behind on the counter. The Schmidts found appellant's driver license inside.

Mr. Schmidt testified that his wife kept track of the money in the register and that from her computations eighty to ninety dollars had been taken. Mrs. Schmidt's testimony corroborated that of her husband.

Appellant was indicted for theft from the person of Mr. Schmidt. The amount of money stolen was not set out in the indictment.

In his second point of error appellant argues the evidence is not sufficient to find the property was appropriated from the person of Mr. Schmidt. We agree. "Theft from the person" is found in section 31.03(a), (e)(4)(B) and provides:

(a) A person commits an offense [of theft] if he unlawfully appropriates property with intent to deprive the owner of property.

(e)(4)(B) ... an offense under this section is a felony of the third degree if, regardless of value, the property is stolen from the person of another....

Tex.Penal Code Ann. (Vernon Supp.1987)[1] Appellant contends that § 31.03(e)(4)(B) does not apply to money taken from a cash register because a cash register is not normally carried around as an item of clothing, jewelry, or personalty and is not included within the meaning of "person" under this section.

All theft offenses contained in the 1925 Penal Code were consolidated under a single theft statute in the present Penal Code, effective January 1, 1974. Under prior law theft from the person was defined in articles 1437 and 1438. Article 1437 provided that "whoever shall commit theft by privately stealing from the person of another shall be confined in the penitentiary ..." Article 1438 then defined the specific elements of the offense:

To constitute the offense each following circumstance must occur:

1. The theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it is taken.

2. The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away.

3. It is only necessary that the property stolen should have gone into the possession of the thief; it need not be carried away in order to complete the offense.

Under article 1438 the property had to be taken from the physical body of the person or from their grasp or immediate possession; i.e., money in a pocket, or from one's hand or a purse which was with the person and is viewed almost as an extension of the person. *See Mack v. State,* 465 S.W.2d 941 (Tex.Crim.App.1971); *Lasker v. State,* 163 Tex.Cr.R. 337, 290 S.W.2d 901 (Tex.Crim. App.1956); *Mitchell v. State,* 149 Tex.Cr.R. 62, 191 S.W.2d 480 (Tex.Crim.App.1946).

Article 1438 sought to distinguish theft from the person of another from ordinary theft where a defendant took property that he knew belonged to another, that was, for example, sitting on a counter or on a floor. The taking (in ordinary theft) did not involve any risk of fright or injury because it was not taken from a person, as in purse snatching or pickpocketing or taking money from one's hand, wherein a struggle might occur or a defendant might injure a

1. At the time of appellant's arrest, this offense appeared in § 31.03(d)(4)(B).

person to take the property. *Earls v. State,* 707 S.W.2d 82, 85–6 (Tex.Crim.App. 1986).

In *Earls, supra,* a conviction under the present Penal Code for theft from the person of another was upheld wherein the defendant, Earls, ordered a convenience store cashier to give him the store's money. The cashier took the money out of the cash register and gave it to Earls. He then told the cashier he wanted the money in her purse, which she gave him.

The Court of Criminal Appeals stated that while the specific requirements of article 1438 § 1 are no longer contained in the Penal Code, the interest in punishing conduct which involves the risk of injury inherent in taking property from a person has been carried over into the current theft statute as a jurisdictional or punishment element which makes the theft a felony regardless of the value of the property taken. *Earls, supra* at 86. *See also* Practice Commentary, Tex.Penal Code Ann. § 31.03 at p. 422 (Vernon 1974): "Theft from the person, which was previously described in Penal Code arts. 1437 and 1438, involves fright and risk of injury to the person and is therefore a third-degree felony regardless of the amount stolen, Subsection (d)(4)(B)."

The court held that these injury considerations applied in the *Earls* case "where appellant demanded and took property from the immediate possession, i.e., the hand of the victim." This reasoning is consistent with that used in deciding cases under article 1438 of the former Penal Code where property had to be taken from the physical body of the person or from their grasp or immediate possession.

This court has held that the taking of a purse from a grocery cart on which the complainant had her hand constituted theft from the person of another. *Alfred v.*

*State,* 659 S.W.2d 97 (Tex.App.—Houston [14th dist.] 1983, no pet.).[2] However, under the facts of the instant case, the theft from the cash register does not constitute theft from the person of the complainant. Therefore, we must conclude the evidence is not sufficient to support appellant's conviction and sustain his second point of error.

The judgment of the trial court is reversed, and it is ordered that a judgment of acquittal be entered.

---

**2.** Under article 1438 the holding was the same for identical circumstances in *Mack v. State,* 465 S.W.2d at 942, where the court reasoned:

The theft of the shopping cart under the circumstances presented would have been theft from person, therefore, it would be difficult to argue that theft of the purse from the cart upon which the complaining witness had her hand would not constitute theft from person.