**Calvin REMO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–88–171–CR.**

Court of Appeals of Texas,
Eastland.

Feb. 23, 1989.

Randy Schaffer, Schaffer, Lambright, Odom & Sparks, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

OPINION

McCLOUD, Chief Justice.

The jury found Calvin Remo guilty of theft, and the trial court set his punishment at confinement in the Texas Department of Corrections for a term of four years.

In a single point of error, appellant urges that the evidence is insufficient to support the conviction. Specifically, appellant argues that the evidence is insufficient to establish that he stole the purse "from the person" of Mary Esther Sanchez as alleged in the indictment.

In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App. 1984).

Around 10:00 in the evening, Sanchez drove to Ray's Club to meet a friend. She noticed an orange truck parked nearby as she walked from her car to the club. Sanchez walked into the club, looked around, and determined that her friend was not present. She left the club, walked toward her car, and noticed the orange truck moving toward her car with the lights off. When Sanchez reached the driver's side of her car, the truck pulled up within a couple of feet of her with the engine on and the headlights off. The appellant, who was sitting on the passenger's side of the orange truck within reaching distance of Sanchez, said to Sanchez, "ma'am, give me your purse." Sanchez, who had been carrying her purse, threw it down on the street because she "wasn't going to stick around there and wait for him to pull something out on [her]." At that point, she was afraid that appellant would hurt her. Sanchez then ran back to the club.

Ruben Leijo, a plain clothes Houston police officer who was conducting a vice investigation at the club at the time of the incident, testified that he observed the or-

ange truck pull up next to Sanchez. He then observed Sanchez drop her purse and start running back toward the club. The orange truck backed up near the purse, and a black male got out of the passenger's side of the truck and picked up the purse. The orange truck then sped away, running through stop signs. Officer Leijo followed the truck and radioed for a uniformed patrol to assist and stop the truck. About a mile from the club, the orange truck was stopped. Appellant, who was sitting on the passenger's side, told the officer that the purse was under the seat. Officer Leijo and appellant returned to the club where Sanchez identified appellant and her purse.

Appellant argues that to commit the offense of theft from the person, it was necessary that the appellant either touch Sanchez' person or take property from her immediate possession. Appellant contends that, since he took the purse from the street after it had been thrown there by Sanchez, he did not take the property from the person of Sanchez. We disagree.

The Court in *Earls v. State*, 707 S.W.2d 82 (Tex.Cr.App.1986), pointed out that theft from the person is no longer a separate offense and that TEX.PENAL CODE ANN. sec. 31.02 (Vernon 1974) consolidated the various acts of theft under one statute, TEX.PENAL CODE ANN. sec. 31.03 (Vernon Supp.1989), and sought to abolish the distinction formerly made between the various acts. An allegation of theft must also include a jurisdictional penalty element from Subsection (e) of Section 31.03, such as from the person as in the instant case.

In *Earls*, the Court reviewed the former theft from the person statute and observed:

> [T]he property simply had to be taken from the physical body of the person or from their grasp or immediate possession, i.e., money in a pocket, or from one's hand or a purse which was with the person and is viewed almost as an extension of the person. Whether or not an actual touching occurred during such act of taking did not matter.

The Court held that, while the specific requirements of the former statute are no longer contained in the Penal Code, the:

> [I]nterest in punishing conduct which involves the risk of injury inherent in taking property from a person has been carried over into the current theft statute as a jurisdictional or punishment element which makes the theft a felony regardless of the value of the property taken.

The *Earls* Court concluded that the "injury considerations" applied where the defendant demanded and took property from the immediate possession of the victim. The evidence in *Earls* revealed that the victim gave the defendant money from the cash register and money from her purse.

We hold that the same "injury considerations" apply in the instant case. Rather than hand her purse to appellant, Sanchez, because of her fear, threw her purse to the ground and ran. Sanchez was holding her purse when she was told by the appellant to give the purse to him. The taking involved "risk of fright or injury." Earls v. State, supra. To conclude otherwise would permit a thief to merely instruct his victim to place the property at a specific location, where it could then be retrieved by the thief, thus avoiding the more serious felony offense of theft from the person.

*Sims v. State*, 731 S.W.2d 951 (Tex.App. —Houston [14th Dist.] 1987, no pet'n), cited by appellant is distinguishable. There, the defendant's companion took money from the cash register while the complainant and defendant were down on the floor picking up coins which the defendant had thrown to the floor for the purpose of distracting the complainant's attention from the cash register.

The evidence is sufficient to establish that appellant stole the purse from the person of Sanchez. The point of error is overruled.

The judgment of the trial court is affirmed.