NO. 07-03-0282-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 10, 2004
_____

GILBERT VASQUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14800-0301; HON. ED SELF, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant Gilbert Vasquez challenges his conviction for robbery by contending that 1) the trial court erred in failing to instruct the jury on the lesser-included offense of theft from the person, 2) the trial court erred by including language in the jury charge that allowed the jurors to convict if they found he threatened or placed his victim in fear of imminent death, 3) the State wrongly referred to appellant having taken a life in the past in its closing argument during the punishment phase, and 4) he received ineffective assistance of counsel. We affirm the judgment of the trial court.

## *Background*

On January 4, 2003, at approximately 4:30 a.m., Christina Riojas, a clerk at an Allsup's convenience store in Plainview, observed appellant enter the store and go into the restroom. Shortly thereafter, he came out, went around behind her without her knowledge in an area off-limits to customers, and placed something against her back. He then told her to go to the register, open it, step back, and go into the restroom. She complied with all four directives. Furthermore, Riojas waited in the restroom until she heard the bell from the door. The police were called and informed of the incident. Thereafter, the investigating detective recognized appellant from the store video of the robbery, and placed his picture in a photographic line-up for Riojas to peruse. She selected appellant's photo from the line-up. Ultimately, a jury convicted appellant of robbery and assessed the maximum sentence of 20 years confinement and a $10,000 fine.

## *Issue One - Lesser-Included Instruction*

In his first issue, appellant argues that he was entitled to an instruction on the lesser-included offense of theft from a person. We overrule the issue.

No one argues that appellant's victim handed appellant any money. Nor does anyone contend that appellant took anything from the victim's immediate body. Rather, the evidence illustrates that appellant directed the store clerk to open the cash register and then leave. Sometime thereafter, appellant removed approximately $39 from the drawer of the register. Removing money from a cash register while or after the clerk departed is not theft from a person. *Sims v. State,* 731 S.W.2d 951, 952-53 (Tex. App.--Houston [14[th]

Dist.] 1987, pet. ref'd). Consequently, the trial court did not err in withholding the instruction.

***Issue Two - Language in Charge***

In his second issue, appellant contends that the trial court erred by including in its instruction a reference to death. That is, the trial court told the jury that it could convict appellant if it determined that he "intentionally or knowingly threaten[ed] or plac[ed] . . . Riojas in fear of imminent bodily injury or death . . . ." However, because there was no evidence that she feared imminent death, that passage should have been omitted from the charge, according to appellant. We overrule the issue.

Assuming *arguendo* that appellant is correct, we would find the purported error harmless. When charge error is preserved through objection and the objection is found meritorious, reversal is mandated if the appellant suffered "any harm, regardless of degree . . . ." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). In assessing whether "any harm" had been suffered, the reviewing court may consider 1) the charge, 2) the state of the evidence, including contested issues, 3) the argument of counsel, and 4) any other relevant information revealed by the record. *Id.* Here, appellant did object to the charge. So, if appellant suffered any injury due to the purported mistake, then reversal would be warranted. However, the trial court did not simply inform the jurors that they had to find that Riojas feared or received a threat of death. It also told them that they could convict upon finding that she was threatened with or feared imminent bodily injury. Moreover, ample evidence appears of record upon which a rational jury could find, beyond reasonable doubt, that Riojas feared, at the very least, bodily injury. That evidence consists of the time of the robbery (approximately 4:30 a.m.), the absence in the store of anyone other than

3

appellant and Riojas, appellant's intrusion into an area in which only store employees were authorized to enter, appellant's close physical proximity to Riojas when he placed something against her back, Riojas' belief that she was being robbed, Riojas' statement that she complied with appellant's directives because she "felt threatened that he'd hurt [her] if [she] didn't," and the investigating officer's testimony that appellant's victim was "very shaken, very scared . . . close to the point of tears . . . afraid" and "very shook up; still very afraid."

Next, perusal of the closing arguments revealed the absence of argument by the State urging the jury to convict on the basis that Riojas feared death or felt threatened with imminent death. The prosecutor did read that portion of the charge to the jury wherein the court informed it that Riojas had to be threatened with or feared imminent bodily injury or death. But, the latter element was not highlighted or otherwise focused upon in his argument. Rather, the prosecutor urged the jury to conclude that the victim was "scared" and "shaken" due to the conduct of appellant.[1]

Moreover, it is reasonably clear that a threat to kill encompasses a threat of serious bodily injury. *Selvog v. State,* 895 S.W.2d 879, 882 (Tex. App.--Texarkana 1995, pet. ref'd). And, to the extent that a threat of death encompasses a threat of serious bodily injury, it similarly follows that a fear of death caused by the action of a potential assailant includes a fear of bodily injury as well. So, even if the jury somehow concluded that appellant committed robbery by instilling in his victim the fear of or by threatening her with

---

[1]The prosecutor did at one point say Riojas was "scared to death." Yet, given its context, we read the statement not as suggesting that she feared for her life but that appellant's actions in general caused her fright. And, the fright was that mentioned by Riojas herself, *i.e.* that she would be "hurt."

4

death, implicit therein would be the finding that he also caused her to fear or be threatened with bodily injury. And, that would support the conviction.

Simply put, we cannot say that the purported error complained of by appellant caused him to suffer any harm. Thus, issue two provides no basis upon which to reverse the judgment.

### *Issue Three - Jury Argument*

Appellant next complains about that portion of the State's closing argument during the punishment phase wherein the prosecutor twice referred to appellant previously having taken a life. The utterance was made when alluding to one of appellant's three prior felony convictions, *i.e.* the one involving attempted voluntary manslaughter. We overrule the issue.

Though objections to the comment were made and ultimately sustained, appellant never requested an instruction from the trial court to disregard the utterance. That was necessary to preserve the complaint for review. *Cooks v. State,* 844 S.W.2d 697, 727-28 (Tex. Crim. App. 1992), *cert. denied,* 509 U.S. 927, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993). And, to the extent appellant argues that a request for an instruction was unnecessary since it would not have cured the error, he provides us with no authority addressing argument identical or analogous to that uttered at bar. Nor does he afford us any explanation or analysis to support his conclusion. Thus, the contention was inadequately briefed, and therefore waived. *Cardenas v. State,* 30 S.W.3d 384, 393 (Tex. Crim. App. 2000).

### Issue Four - Ineffective Assistance

In his fourth and last issue, appellant argues that his trial counsel provided him with ineffective assistance due to his failure to preserve the error broached in issue three. And, the issue was not preserved because counsel requested neither an instruction to disregard or a mistrial. We overrule the contention.

The standard of review requires appellant to prove, by a preponderance of the evidence, not only that counsel's representation fell below the objective standard of professional norms but also that it prejudiced his defense. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *see Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999) (holding that this same standard applies to error arising in the punishment phase of the trial). Furthermore, to satisfy the latter prong, it must be shown that there exists a reasonable probability that but for the misconduct the result would have differed. *Id*. This is satisfied if the circumstances undermine our confidence in the outcome. *Id.*

For purposes of this issue we assume *arguendo* that the failure to request an instruction amounted to deficient performance. Nonetheless, and as described under issue two, there exists ample evidence supporting appellant's conviction. Furthermore, the evidence illustrated that prior to his felony conviction for robbery, appellant had been thrice convicted of other felonies. The most recent involved attempted voluntary manslaughter through the use of a deadly weapon; he received a sentence of 20 years imprisonment. Another involved his unauthorized use of a motor vehicle for which he was sentenced to ten years imprisonment and fined $500. The third conviction entailed the offense of burglarizing a habitation which resulted in a sentence of ten years imprisonment and a fine

6

of $1,000. So too did a witness testify, without objection, that appellant's reputation in the community for being a peaceful, law abiding person was bad. Given these prior felonies, some of which implicated violent behavior with a deadly weapon, we cannot say that levying upon him the maximum sentence of 20 years imprisonment and a fine of $10,000 smacks of the unordinary or excessive.

Finally, appellant refers us to testimony provided by a juror regarding the effect, if any, the prosecutor's comment had upon her mental processes.[2] Though she indicated that the utterance helped complete the "puzzle," she did not believe that appellant should have been assessed the maximum sentence. Yet, she changed her mind; why she did so went unexplained. That the juror originally opted not to assess the maximum sentence despite being aware of the prosecutor's comments hardly suggests that those comments impermissibly swayed her, or anyone else, to assess the maximum sentence.

Simply put, we have reviewed the purportedly deficient conduct in the context of the record before us and hold that it does not undermine our confidence in the verdict rendered. Accordingly, appellant failed to establish, by a preponderance of the evidence, that he was prejudiced by his attorney's performance.

The judgment of the trial court is affirmed.


Brian Quinn
Justice

Do not publish.

---

[2]No one argued that we could not consider it. *See* TEX. R. EVID. 606(b) (prohibiting a juror from testifying as to any matter occurring during deliberations or the effect of anything on any juror's mind, emotions, or mental processes).