Opinion Issued November 23, 2005















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00416-CR




TERRY LYNN BESS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 46,821









MEMORANDUM OPINION

          Appellant, Terry Lynn Bess, was charged by indictment with aggravated
robbery. Tex. Pen. Code Ann. § 29.03 (Vernon 2003). Appellant entered a plea of
not guilty, and a jury found him guilty. After reviewing the pre-sentence
investigation report, the trial court assessed punishment at 20 years’ imprisonment.
          In his sole point of error, appellant argues that the evidence was legally
insufficient to support conviction.
          We affirm.
Background
           On April 26, 2004, complainant, Katherine Mays, was at home when her
doorbell rang around 3:00 p.m. She opened the door and a man forced his way into
her house. Mays began hitting the man and screaming until he pulled out a gun and
pointed it at her. The man took $100.00 from her purse and searched the house for
more valuables. Eventually, he left with $100.00 and four pieces of jewelry. Mays
called her son, who then contacted the Sweeny Police Department.
          The police took Mays to the Lake Jackson Police Department to have a
composite sketch made. The police distributed the sketch around town and gave a
copy to the local newspaper. Subsequently, the police received two to three
telephone calls identifying the person in the sketch as appellant, Terry Lynn Bess.
          One of the telephone calls was from Marnie Peterson. She told police that she
had been at the high school—which is across the street, just to the southwest of
Mays’s house—the day of the incident. Peterson had picked up her foster daughter
from school that day when she saw appellant nearly walk into her car. She
recognized him because she had gone to school with him, though she had not seen
him in the sixteen years since that time. She watched him cross the street from the
school to the side on which May’s house was.
          A few days later, she saw the composite sketch in the local newspaper and
recognized it as a sketch of appellant. She contacted police and notified them of what
she had seen. Her description of his attire matched the description given by Mays.
          Based on the information he received, Police Chief Gary Stroud compiled a
photographic line-up including a picture of appellant. Chief Stroud showed the
photographic line-up to Mays and she identified appellant as the man who had robbed
her. On April 30, 2004, Chief Stroud placed appellant under arrest. Appellant’s head
was shaved. Appellant said it had been shaved for a couple of weeks, even though
Mays and Peterson had described him as having long hair. Appellant’s boss,
however, testified at trial that appellant had shaved his head the day after the alleged
incident.
 
Legal Sufficiency
          In his sole point of error, appellant argues that the evidence was legally
insufficient to support conviction.
A.     Standard of Review
          A legal-sufficiency challenge requires us to determine whether, viewing the
evidence in the light most favorable to the verdict, any rational trier of fact could have
found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). We reverse the judgment only if a
rational jury would necessarily entertain a reasonable doubt as to the defendant’s
guilt. Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Although our
analysis considers all of the evidence presented at trial, we may not re-weigh the
evidence and substitute our judgment for that of the fact finder. King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000).B. Analysis
          Appellant only challenges the sufficiency of the evidence to identify him as the
perpetrator of the crime. He provides six arguments why the evidence was legally
insufficient for the jury to have found beyond a reasonable doubt that he was the
perpetrator. Appellant argues that the evidence was legally insufficient because (1)
Mays’s identification of appellant in the photographic line-up was unreliable because
she was not wearing her glasses at the time of the robbery; (2) Peterson saw appellant
walking across the street to the same side that Mays lived on, and “it makes no sense”
that appellant would cross back over to that side of the street; (3) Peterson had not
seen appellant in sixteen years; (4) the police never found the gun used or any of
Mays’s jewelry; (5) Peterson did not see anything in appellant’s hands when she saw
him the day of the incident; and (6) Mays did not identify him in court.
          The first five arguments do not conform with the standard of review. While
each of the five arguments appellant makes was a factor before the jury to consider,
the arguments do not portray the evidence in the light most favorable to the verdict
and are, thus, not appropriate to a legal-sufficiency review.
          As for appellant’s final argument, Texas case law holds that establishing a
defendant as the perpetrator of a crime can be proved by direct or circumstantial
evidence. Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986); Greene v. State,
124 S.W.3d 789, 792 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). An in-court
identification of the defendant by the eyewitness is not required provided there is
sufficient circumstantial evidence to identify the defendant as the perpetrator. 
Greene, 124 S.W.3d at 792.
          Appellant is correct in asserting that Mays was never asked at trial to identify
appellant as the perpetrator of the crime. However, she did identify him to Chief
Stroud in a photographic line-up. Chief Stroud arrested appellant and then identified
him at trial. Additionally, Peterson identified appellant at trial as the man she saw
near Mays’s house on the day of the incident, and Peterson’s description of
appellant’s attire matched Mays’s description of the perpetrator. We hold that this
evidence was legally sufficient for a jury to find beyond a reasonable doubt that
appellant was the perpetrator of the crime.
          Appellant’s point of error is overruled.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).