NO. 12-08-00273-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


PAULINE BAKER,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION


 Pauline Baker appeals her conviction for possession of a controlled substance. In two issues,
she argues that the trial court erred when it overruled her motion to suppress and that the State failed
to prove that she was the person who committed the offense. We affirm.


Background

 At about 4:45 one morning, a Jacksonville city police officer stopped a vehicle being driven
by Anna Martinez for failing to signal a turn. The officer determined that Martinez's driver's license
was expired, and he prepared a traffic citation for that offense. The officer also prepared a warning
for the failure to signal a turn offense. The officer had allowed Martinez to remain in her car while
he prepared his paperwork, but he asked her to step to the rear of the vehicle to sign the citation. As
she did so, a small quantity of crack cocaine wrapped in plastic dropped from her person and fell to
the ground. The officer recovered the cocaine and obtained Martinez's consent to search the vehicle.

 The officer then asked Appellant, the passenger, to step from the vehicle so that he could
conduct a search. She did, but as she alighted from the vehicle, a small packet of crack cocaine fell
from her person to the ground. The officer arrested the two women, and a laboratory test verified
that it was crack cocaine that fell from Appellant's person.

 Appellant was indicted for the felony offense of possession of cocaine in an amount of less
than one gram. She waived trial by jury, and pleaded not guilty. A bench trial was held, and the trial
court found Appellant guilty. Appellant pleaded true to allegations in the indictment that she had
been previously convicted of two felony offenses. The trial court found the enhancement allegations
to be true and assessed punishment at seven years of imprisonment. This appeal followed.


Motion to Suppress

 In her first issue, Appellant asserts that the trial court erred when it overruled her motion to
suppress evidence. Specifically, Appellant argues that the officer illegally detained her by extending
the traffic stop longer than permitted by law.

Applicable Law and Standard of Review

 The Fourth Amendment protects individuals "against unreasonable searches and seizures." 

Luna v. State, 268 S.W.3d 594, 603 (Tex. Crim. App. 2008). When reviewing a trial court's ruling
on a motion to suppress evidence alleged to have been obtained in violation of the Fourth
Amendment, we review a trial court's express or implied determinations of historical facts,
especially those that turn on credibility and demeanor, with great deference if the record supports
those findings. Dixon v. State, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006). However, we review
de novo the question of whether a specific search or seizure is "reasonable" under the Fourth
Amendment. Id. (citing United States v. Ornelas, 517 U.S. 690, 691, 116 S. Ct. 1657, 1659, 134
L. Ed. 2d 911 (1996)); Kothe v. State, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). 

Analysis

 Appellant does not challenge the initial stop of the vehicle nor does she assert that the officer
did not have a legitimate reason to continue the detention after he observed the cocaine fall from the
driver's person. Instead, Appellant argues that the officer unlawfully extended the traffic stop by
asking the driver to exit the car to sign the citation. We disagree.

 Generally, a police officer may require a driver to exit her vehicle as part of a traffic stop. 
See Pennsylvania v. Mimms, 434 U.S. 106, 109-11, 98 S. Ct. 330, 332-33, 54 L. Ed. 2d 331 (1977)
(per curiam); Rhodes v. State, 945 S.W.2d 115, 117-19 (Tex. Crim. App. 1997). In allowing
officers to remove drivers from their vehicle, the Supreme Court described the additional burden on
the driver as de minimus and not a violation of the Fourth Amendment. Mimms, 434 U.S. 106 at
111, 98 S. Ct. at 337. The additional intrusion in this case is similarly de minimus. The officer
testified that he asked the driver to step to the back of the vehicle because that is the usual way he
did things and so that he could ask her questions about the passenger, who was acting "jittery and
nervous." Neither of these justifications would have been sufficient to extend the duration of the
traffic stop. See Kothe, 152 S.W.3d at 63 (citing Florida v. Royer, 460 U.S. 491, 500, 103 S. Ct.
1319, 75 L. Ed. 2d 229 (1983) ("[T]he scope of the detention must be carefully tailored to its
underlying justification.")). But the Fourth Amendment requires only that a police officer's actions
not "unduly prolong" a detention, not that the officer discharge his duties in any specific order. 
Kothe, 152 S.W.3d at 65. 

 The officer's actions did not unduly prolong the detention. He was standing at the rear of the
vehicle. The citation and warning were prepared, and he was going to ask the driver to sign the
citation. (1) Either the officer had to walk to the driver's side door to deliver the paperwork, or the
driver had to exit the car and walk to where the officer was. At most, it would have taken the driver
a few moments to exit the car and sign the citation before she was released. This time would not,
in our estimation, be appreciably longer than the time it would have taken the officer to walk to
where the driver was. 

 Appellant does not argue that the officer did not develop reasonable suspicion to conduct a
further investigation once the cocaine fell from the driver's person. The period of time in question
is fleetingly short, and the officer's request that the driver exit the vehicle to sign the citation did not,
under these circumstances, prolong the traffic stop unduly, if at all. Accordingly, we hold that the
officer did not illegally detain Appellant, and the trial court did not err in overruling Appellant's
motion to suppress. We overrule Appellant's first issue. 

Identification

 In her second issue, Appellant argues that there was insufficient proof that she was the
passenger in the automobile. We assume, based on the relief requested, that Appellant is arguing
that the evidence is legally insufficient to prove that she is the person who possessed cocaine. 

 The due process guarantee of the Fourteenth Amendment requires that a conviction be
supported by legally sufficient evidence. See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct.
2781, 2786-87, 61 L. Ed. 2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App.
2004); Willis v. State, 192 S.W.3d 585, 592 (Tex. App.-Tyler 2006, pet. ref'd). Evidence is not
legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186 (Tex.
Crim. App. 1993).

 The State must prove beyond a reasonable doubt that the person on trial is the person who
committed the offense alleged in the indictment. See Threadgill v. State, 146 S.W.3d 654, 663 (Tex.
Crim. App. 2004). Proof that the person on trial is the person who committed the offense may be
made by direct or by circumstantial evidence. See Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim.
App. 1986). In this case, the officer was never asked whether Appellant, the person in the
courtroom, was the passenger in the vehicle who possessed the cocaine. However, there was
additional and sufficient evidence in the record as a whole for the finder of fact to conclude that
Appellant was that passenger. The officer identified the driver of the car by name and stated that
there was a passenger. He never stated that there were more than two people in the car, and there
is no reason to conclude that there were more than two people in the car. 

 The officer testified that he arrested both occupants of the vehicle and transported them to
the Jacksonville Police Department to be booked. He then testified that two other officers "booked
in Ms. Martinez and Ms. Baker and [he] went to the report writing room to do [his] report." On
redirect, he testified that Pauline Baker was the defendant in the courtroom. Finally, in further
questioning from the State, the following exchange occurred:


 Q: Let's make it clear for the Court. The two rocks that you found that day[,] one from
Martinez and one from Baker[,] were the sizes that [looked] substantially different
to your sight that you could tell them apart?


 A: Yes.


 Q: Okay. And who had the larger rock?


 A: Ms. Baker. 



 This testimony, taken together, would allow a rational finder of fact to conclude that there
were two women in the car, that Appellant was the passenger, and that she possessed the cocaine in
question. Accordingly, we hold that the evidence is legally sufficient to support the verdict, and we
overrule Appellant's second issue.


Disposition

 Having overruled Appellant's first and second issues, we affirm the judgment of the trial
court.




 SAM GRIFFITH 

 Justice



Opinion delivered April 22, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.












(DO NOT PUBLISH)
1. Appellant does not assert that the driver did not need to sign the citation. Compare Tex. Code Crim.
Proc. Ann. art. 14.06(b) (Vernon Supp. 2008) (general criminal statute for releasing persons cited for offenses),
with Tex. Transp. Code Ann. § 543.005 (Vernon Supp. 2008) (specific statute for Transportation Code, Title 7,
Subtitle C, "Rules of the Road" offenses for which signing of failure to appear is a prerequisite to release). See Tex.
Transp. Code Ann. § 543.001 (Vernon 1999) (authorizing an officer to arrest persons found committing a violation
of "this subtitle."). Section 543.001 is in Subtitle C of Title 7 of the Transportation Code.