

NUMBER 13-09-441-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ADRON SLOUGH,                                                                        Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

On appeal from the 94th District Court
of Nueces County, Texas.

# DISSENTING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Dissenting Memorandum Opinion by Justice Vela**

Because I believe the evidence is both legally and factually sufficient to support the conviction for the offense of theft from the person, I respectfully dissent.

The offense of "theft from the person" is found in penal code section 31.03(a), (e)(4)(B) and provides: "(a) A person commits an offense [of theft] if he unlawfully

appropriates property with intent to deprive the owner of property. . . . (e)(4)(B) . . . an offense under this section is a felony of the third degree if, regardless of value, the property is stolen from the person of another. . . ." TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(B) (Vernon Supp. 2009). Our legislature consolidated all theft offenses contained in the 1925 Texas Penal Code under a single theft statute in the current penal code. *Sims v. State*, 731 S.W.2d 951, 952 (Tex. App.–Houston [14th Dist.] 1987, no pet.). Under prior law, theft from the person was defined in articles 1437 and 1438. *Id*.

The majority opinion contains two assertions inconsistent with Texas jurisprudence. First, the majority states that "Vasquez testified that [appellant] never touched him, and Vasquez failed to note that he was frightened of injury when he pursued [appellant] in the convenience store's parking lot." Slip op. at 6. Second, the majority states that "[a]t the time [appellant] took the beer with the intent to deprive the owner of the property, he was inside the store, and the beer was not in the immediate possession of any person." *Id*. Contrary to the majority's assertions, cases decided under Article 1438 "did not require an actual touching. Rather the property simply had to be taken from the physical body of the person or *from their grasp* or immediate possession, . . . ." *Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986) (emphasis added); *Sims*, 731 S.W.2d at 953 (stating that "[u]nder Article 1438 the property had to be taken from the physical body of the person or from their grasp or immediate possession."); *see Mack v. State*, 465 S.W.2d 941 (Tex. Crim. App. 1971) (upholding a conviction for theft from a person wherein accused took purse from shopping cart, which victim was pushing, and no actual touching occurred). In *Earls*, the court of criminal appeals explained that:

> Art. 1438(1) sought to distinguish theft from a person from ordinary theft where a defendant took property that he knew belonged to another, that was, for example, sitting on a counter or on a floor. The taking did not

2

involve any risk of fright or injury because it was not taken from a person, as in purse snatching or pickpocketing or taking money from one's hand, wherein a struggle might occur or a defendant might injure a person to take the property.

*Earls*, 707 S.W.2d at 86. The court further stated that "the interest in punishing conduct which involves the risk of injury inherent in taking property from a person has been carried over into the current theft statute as a jurisdictional or punishment element which makes the theft a felony regardless of the value of the property taken." *Id*.

In this case, Raul Vasquez, the security guard who worked at the Times Market during the offense, testified that he saw appellant coming out of the store, carrying two 18-packs of beer. Vasquez ordered him to stop; however, appellant ignored him and ran to a parked car. Vasquez followed him, and when appellant reached the car, Vasquez tried to take the beer from him. Vasquez testified that one of the cartons of beer broke "when I tried to take it away from him." He testified that after appellant got into the car, but before the car's door closed, he "tried to take away the 18-pack that he [appellant] had. That's why the . . . 18-pack tore and it emptied itself inside the car." When the car door closed, part of it hit Vasquez, and he fell to the sidewalk, suffering pain and injury. He testified he and appellant "were just struggling" over the beer.

Based upon these facts, Vasquez, as the store's security guard, had title to the property as opposed to appellant. Vasquez's efforts to take the property from appellant showed that he did not consent to the taking. The injury considerations discussed by the *Earls* court are present in this case. Vasquez tried to take the 18-pack from appellant, but it tore open, spilling its contents into the car. Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could find beyond a reasonable doubt that Vasquez had the beer in his grasp, that appellant tore it from his grasp, and that this

3

conduct involved a "risk of injury." Viewed in a neutral light, the evidence is not so weak that the verdict is clearly wrong and manifestly unjust and is, thus, factually sufficient to sustain the conviction. I would hold that the evidence is both legally and factually sufficient to support the conviction for theft of property from the person.

For these reasons, I respectfully dissent.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 3rd
day of June, 2010.