Hill v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-504-CR

BILLY DEON HILL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

--
----------

Billy Deon Hill appeals his conviction for murder.  In five points, appellant complains that: (1) the trial court erred in failing to include a definitional instruction on reasonable doubt; (2) the evidence is insufficient to sustain his conviction because the evidence does not establish his identity; (3) the evidence is insufficient to sustain his conviction because it merely raises a suspicion of appellant’s participation in the offense; (4) the trial court erred in denying appellant’s request for a limiting instruction to the jury regarding extraneous acts; and (5) the trial court erred in admitting a witness’s written statement because the witness testified that the statement did not contain his words and because the statement was hearsay within hearsay.  We affirm.

In his first point, appellant contends that the trial court erred in failing to define reasonable doubt in the jury charge.  The Texas Court of Criminal Appeals has held, however, that no such instruction is required
.
(footnote: 2)  Therefore, we overrule appellant’s first point.

In his next two points, appellant contends that the evidence is insufficient to support his conviction because testimony of the State’s witnesses was insufficient to establish his identity as the murderer and merely raised a suspicion of his participation in the offense charged. 

To establish that appellant committed the murder for which he was convicted, the State had to prove that appellant intentionally or knowingly caused 
the complainant’s death.
(footnote: 3) The identity of the perpetrator of an offense can be proved by direct or circumstantial evidence.
(footnote: 4)  

The evidence supporting the verdict in this case shows the following:

Appellant and the complainant, Darryl Brown, were gang members. Appellant was a member of the Polywood Crips gang and Brown was a member of the Aggland Crips gang.  The day before the murder, appellant and Brown were involved in an argument that involved gunshots at the Autumn Chase apartments.  The argument centered around a dispute about some drugs between Tonya Springer and appellant’s friend, DeJuan Williams.  Springer’s boyfriend, Arkete Walker, an Aggland Crips member, came by during the argument, picked up Springer, and drove to another apartment complex to pick up Brown and another man.  They all returned to the Autumn Chase apartments and confronted Williams and appellant.  At some point during the confrontation at the Autumn Chase apartments, Williams misfired a gun.  Walker and Brown returned fire, shooting at Williams and appellant, and then left.

Later that evening, Brown went out with his friend Adam Jones and two girls, Aishia Waller and Billie Jean Fannin.  Ultimately,the four of them arrived at a club called Fernandez early the next morning.  Brown was driving, Waller was in the front passenger seat, Jones was in the back seat on the driver’s side, and Fannin was in the back seat on the passenger side. 

When the group arrived at the club, the parking lot was crowded.  As they were waiting to park, Brown told Jones that he saw the guy he had “gotten into it” with earlier, indicating appellant.  A few minutes later, someone called to Brown and both Brown and Waller turned to look out the passenger window.  When they did, Brown was shot in the back of the head and died almost instantly.  Jones, who was seated behind Brown, testified that he saw appellant shoot Brown.  

Waller testified that she saw appellant walking away from Brown’s car immediately after the shot was fired.  Parchevia Roberson, a girlfriend of Brown’s, testified that she saw appellant walking toward Brown’s car just before the shooting.  Appellant admitted that neither Waller nor Roberson had any reason to lie.

Both appellant and his girlfriend testified that he did not commit the offense.  Additionally, appellant stated that Williams  confessed to the murder. Further, appellant’s girlfriend testified that Williams came to her house in a white t-shirt with blood splatters on it shortly after the time of the murder. Also, even though Williams signed a statement providing that appellant committed the murder, he denied making the statement at trial.

Whether viewed in a light most favorable to the verdict,
(footnote: 5) or in a neutral light,
(footnote: 6) there is sufficient evidence from which a rational fact-finder could have found beyond a reasonable doubt that the appellant committed the murder. 
Accordingly, because the evidence is legally and factually sufficient to support the jury’s verdict, we overrule appellant’s second and third points. 

In his fourth point, appellant contends the trial court erred in denying his request to include limiting instructions in the jury charge at guilt-innocence regarding extraneous acts.  During trial, the trial court admitted evidence about appellant’s drug use and an argument between appellant and Brown that had occurred less than a day before the murder.
(footnote: 7)  Appellant did not, however, request a limiting instruction until after the close of evidence.  Therefore, the evidence was admitted for all purposes and the trial court did not err by refusing to include a limiting instruction in the charge.
(footnote: 8)
 Appellant further complains that the trial court failed to submit a reasonable doubt instruction regarding the extraneous acts.  If a defendant, during the guilt-innocence phase, asks for a jury instruction on the standard of proof required for extraneous offenses, the defendant is entitled to that instruction.
(footnote: 9)  Appellant timely requested such an instruction.
(footnote: 10)  Therefore, the trial court erred in denying appellant’s request for a reasonable doubt instruction regarding extraneous offenses. 

Having determined that charge error occurred,  we must then evaluate whether sufficient harm resulted from the error to require reversal.
(footnote: 11)  Error in the charge, if timely objected to in the trial court, requires reversal if the error was “calculated to injure [the] rights of the defendant,” which means no more than that there must be some harm to the accused from the error.
(footnote: 12)  In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”
(footnote: 13)
 In pertinent part, the charge in this case stated:

Now, if you find from the evidence beyond a reasonable doubt that . . . [appellant] did . . . intentionally or knowingly cause the death of an individual, Daryl Brown, by shooting the said Daryl Brown with a firearm; or he did then and there intentionally with the intent to cause serious bodily injury to Daryl Brown, commit an act clearly dangerous to human life . . . which caused the death of Daryl Brown, then you will find [appellant] guilty of murder as charged in the indictment.  Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty.  

Thus, the charge informed the jury that it was to determine appellant’s guilt or innocence based on the offense charged in the indictment, not on unindicted offenses. 

The extraneous evidence consisted of several witnesses’ testimony regarding events that occurred earlier on the day before the murder.  Those events involved appellant’s drug use and a confrontation about drugs at the Autumn Chase Apartments between appellant and his friend, Williams, and Walker and Brown, members of rival gangs, during which Williams allegedly misfired a gun.  The State used this evidence to show appellant’s motive for shooting Brown later that night. 

In addition, as we have just discussed, the State presented legally and factually sufficient evidence to support appellant’s murder conviction—without the extraneous offense evidence.  Two witnesses testified that they saw appellant near Brown’s car either immediately before or after the shooting.  One witness testified that he saw appellant shoot Brown.

Further, defense counsel vigorously defended appellant throughout the trial and in closing arguments.  Defense counsel thoroughly cross-examined the State’s witnesses regarding the possibility that they had mistakenly identified appellant, rather than Williams, as the shooter.  In fact, defense counsel used the extraneous offense evidence to appellant’s advantage by pointing out that Williams, rather than appellant, was motivated by the earlier confrontation to kill Brown.  

Based on our review of the entire record of appellant’s trial and given all the evidence that appellant murdered Brown, the court’s instructions in the charge that the jury was to determine appellant’s guilt or innocence based on the offense charged in the indictment, alone, and defense counsel’s use of the extraneous offense evidence to support the defense’s mistaken identity theory, we conclude that the trial court’s failure to give a reasonable doubt instruction at guilt-innocence concerning the extraneous offense evidence did not create harm that was calculated to injure appellant’s rights.
(footnote: 14)  Therefore, we hold that the trial court’s error is harmless.  We overrule appellant’s fourth point. 

In his fifth point, appellant claims the trial court erred by admitting Williams’s written statement because  Williams testified that the statement did not contain his words and because the statement was hearsay within hearsay. But because appellant did not make a hearsay objection until after the trial court had admitted the statement and it was being read to the jury, he failed to preserve this complaint for our review.
(footnote: 15)  Therefore, we overrule appellant’s fifth point.
(footnote: 16) 

Having overruled all of appellant’s points, we affirm the trial court’s judgment
.

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  November 23, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
Paulson v. State
, 28 S.W.3d 570, 572 (Tex. Crim. App. 2000).  We decline appellant’s request to follow the dissent in 
Paulson
, rather than the majority.

3:
Tex. Penal Code Ann.
 § 19.02(b)(1) (Vernon 2003).

4:
Earls v. State
, 707 S.W.2d 82, 84 (Tex. Crim. App. 1986); 
Dimas v. State
, 14 S.W.3d 453, 458 (Tex. App.—Beaumont 2000, pet. ref’d).  

5:
See Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (setting out the legal sufficiency standard of review)
.

6:
See 
Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004)
 (setting out the factual sufficiency standard)
.

7:
Appellant does not complain about the admission of the evidence, but only that the trial court erred in refusing his request to include a limiting instruction in the charge.

8:
Tex. R. Evid.
 105(a); 
Hammock v. State
, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001).  

9:
Ex parte Varelas
, 45 S.W.3d 627, 631 (Tex. Crim. App. 2001).  

10:
Specifically, appellant requested an instruction that the jury: 

[Not] consider said testimony for any purpose unless [it] find[s] and believe[s] beyond a reasonable doubt the defendant committed such offense or act, if any, and even then [it] may only consider the same in determining the plan and intent of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case and for no other purpose.

11:
Abdnor v. State
, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994).

12:
Tex. Code Crim. Proc. Ann.
 Art. 36.19 (Vernon 1981); 
see also Abdnor
, 871 S.W.2d at 731-32; 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g). 
 

13:
Almanza
, 686 S.W.2d at 171; 
see also Ovalle v. State
, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000). 

14:
Tex. Code Crim. Proc. Ann.
 Art. 36.19 (Vernon 1981); 
see also Abdnor
, 871 S.W.2d at 731-32; 
Almanza
, 686 S.W.2d at 171.

15:
See 
Tex. R. App. P.
 33.1(a)(1); 
see also Dinkins v. State
, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995) (stating that if a question calls for an objectionable response, the defendant should make an objection before the witness responds), 
cert. denied
, 516 U.S. 832 (1995); 
Daugherty v. State
, 652 S.W.2d 569, 575-76 (Tex. App.—Fort Worth 1983, pet. ref’d) (holding objection untimely when counsel objected on an additional ground after statement had been admitted and was being read to the jury). 

16:
Appellant has not cited any legal authority for his argument that the statement should not have been admitted because it was “not Williams’s words.”  Therefore, we do not address this issue. 
Tex. R. App. P.
 38.1(h).