CASON v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-05-125-CR

        2-05-126-CR

        2-05-127-CR

BILL CASON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Bill Cason appeals his convictions for murder and two counts of aggravated assault.  A jury found Appellant guilty on all counts and assessed his punishment at fifty-five years’ confinement for the murder charge, twelve years’ confinement for one charge of aggravated assault, and five years’ confinement for the other charge of aggravated assault, as well as a fine of $10,000 for each charge of aggravated assault.  In a sole point, Appellant asserts that the trial court erred in denying his motion for directed verdict based on insufficiency of the evidence because the State failed to identify him at trial.  We affirm.

BACKGROUND

After an evening of drug use, a fistfight broke out between Christopher Riley and John Kevin Roberts.  Following the altercation, Appellant, who was standing in the front yard of a friend’s house, shot and killed Riley by firing numerous bullets into Riley’s car as he drove away.  Appellant wounded Alton Huckaby and Jason Hogan, who were riding in the car with Riley.

DISCUSSION

A challenge to the denial of a motion for instructed verdict is actually a challenge to the legal sufficiency of the evidence.  
McDuff v. State
, 939 S.W.2d 607, 613 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997)
; 
Franks v. State
, 90 S.W.3d 771, 789 (Tex. App.—Fort Worth 2002, no pet.).  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

The State is required to prove beyond a reasonable doubt that the accused is the person who committed the crime charged. 
 
Roberson v. State, 
16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref’d); 
see Miller v. State
, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984).  Identity may be proven by direct or circumstantial evidence.  
Roberson
, 16 S.W.3d at 167; 
see Earls v. State
, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986).

The State read the indictments, each of which alleged the name of Bill Cason, and his counsel entered a plea of not guilty to each.  During his opening statement, Appellant’s attorney stated, “Now, Cason gets the SKS at his house, goes to Gilpin’s house.”  Later during opening statements, Appellant’s attorney stated, “So when Cason shoots, the trigger pull on this weapon upon is going to be slight.  He’s afraid.  He’s afraid that he’s going to be shot.”

On direct examination of Jason Gilpin, the district attorney elicited the following testimony:

Q.  Did Chris Riley know the Defendant?

A.  Who? Bill Cason?

Q.  Yes.

A.  Yeah. They knew each other.

The following exchange occurred later during the district attorney’s  examination of Gilpin:

Q.  After the Defendant got the gun out of the car, what did he do?

A.  Who? Bill?

Q.  Yes. The Defendant.

A.  He went on the east side of the house and posted up. 

The district attorney later questioned Gilpin regarding what happened after he heard shots ring out:

Q.  Immediately–I know–you just heard the shots and ran.  But immediately prior to hearing those shots ring out, who was holding the SKS?

A.  Bill Cason.

Q.  The Defendant?

A.  Yes, sir.

During direct examination of Tyler Warden, the following discourse occurred:

Q.  Well, after Bill Rowland yelled out whatever he yelled out, what happened next?

A.  Shots were fired.

Q.  By who?

A.  By Bill.

Q.  The Defendant?

A.  Yes, sir.

On direct examination, the district attorney asked William Rowland the following:

Q.  And do you know the defendant, Bill Cason?

A.  Yes, sir.

Q.  How do you know him?

A.  I have known him since we was kids.

All of the foregoing testimony was admitted before the jury without objection by Appellant.  
See
 
Rohlfing v. State
, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981) (noting that if a defendant’s contention is that another person, and not he, was identified by the State’s witnesses, it is incumbent upon him to object to the identification procedure employed or to make a bill of exception). Additionally, Appellant testified on his own behalf, asserting self defense.

Appellant cites 
Rolfing 
to demonstrate the minimum requirements for identifying the defendant in the courtroom.  
See
 612 S.W.2d at 600.  
Rolfing
 illustrates the requirement that, viewing the totality of the circumstances, the jury be adequately apprised that the witnesses were referring to the defendant.  
Id.
 at 601.

In light of the totality of the circumstances, it is apparent that the jury was adequately apprised that the witnesses were referring to Appellant.  Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found, beyond a reasonable doubt, that Appellant was the perpetrator.  
See
 
Roberson
, 16 S.W.3d at 167.  Accordingly, we overrule Appellant’s sole point.

CONCLUSION

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL B:  HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 13, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.