COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-05-125-CR

                                               2-05-126-CR

                                               2-05-127-CR

 

 

BILL CASON                                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 235TH DISTRICT COURT OF COOKE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Bill Cason appeals
his convictions for murder and two counts of aggravated assault.  A jury found Appellant guilty on all counts
and assessed his punishment at fifty-five years= confinement for the murder charge, twelve years= confinement for one charge of aggravated assault, and five years= confinement for the other charge of aggravated assault, as well as a
fine of $10,000 for each charge of aggravated assault.  In a sole point, Appellant asserts that the
trial court erred in denying his motion for directed verdict based on
insufficiency of the evidence because the State failed to identify him at
trial.  We affirm.

BACKGROUND

After an evening of drug use,
a fistfight broke out between Christopher Riley and John Kevin Roberts.  Following the altercation, Appellant, who was
standing in the front yard of a friend=s house, shot and killed Riley by firing numerous bullets into Riley=s car as he drove away. 
Appellant wounded Alton Huckaby and Jason Hogan, who were riding in the
car with Riley.

DISCUSSION








A challenge to the denial of
a motion for instructed verdict is actually a challenge to the legal
sufficiency of the evidence.  McDuff
v. State, 939 S.W.2d 607, 613 (Tex. Crim. App.), cert. denied, 522
U.S. 844 (1997); Franks v. State, 90 S.W.3d 771, 789 (Tex. App.CFort Worth 2002, no pet.).  In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d 691, 693
(Tex. Crim. App. 2005).

The State is required to
prove beyond a reasonable doubt that the accused is the person who committed
the crime charged.  Roberson v. State,
16 S.W.3d 156, 167 (Tex. App.CAustin 2000, pet. ref=d); see Miller v. State, 667 S.W.2d 773, 775 (Tex. Crim. App.
1984).  Identity may be proven by direct
or circumstantial evidence.  Roberson,
16 S.W.3d at 167; see Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim. App.
1986).

The State read the
indictments, each of which alleged the name of Bill Cason, and his counsel
entered a plea of not guilty to each. 
During his opening statement, Appellant=s attorney stated, ANow, Cason gets the SKS at his house, goes to Gilpin=s house.@  Later during opening statements, Appellant=s attorney stated, ASo when Cason shoots, the trigger pull on this weapon upon is going to
be slight.  He=s afraid.  He=s afraid that he=s going to
be shot.@

On direct examination of
Jason Gilpin, the district attorney elicited the following testimony:

Q.  Did Chris Riley know the Defendant?

A.  Who? Bill Cason?

Q.  Yes.

A.  Yeah. They knew each other.








The following exchange occurred later during the
district attorney=s  examination of Gilpin:

Q.  After the Defendant got the gun out of the
car, what did he do?

A.  Who? Bill?

Q.  Yes. The Defendant.

A.  He went on the east side of the house and
posted up. 

The district attorney later questioned Gilpin
regarding what happened after he heard shots ring out:

Q.  ImmediatelyBI
knowByou
just heard the shots and ran.  But
immediately prior to hearing those shots ring out, who was holding the SKS?

 

A.  Bill Cason.

Q.  The Defendant?

A.  Yes, sir.

During direct examination of Tyler Warden, the
following discourse occurred:

Q.  Well, after Bill Rowland yelled out whatever
he yelled out, what happened next?

 

A.  Shots were fired.

Q.  By who?

A.  By Bill.

Q.  The Defendant?








A.  Yes, sir.

On direct examination, the district attorney
asked William Rowland the following:

Q.  And do you know the defendant, Bill Cason?

A.  Yes, sir.

Q.  How do you know him?

A.  I have known him since we was kids.

All of the foregoing testimony was admitted
before the jury without objection by Appellant. 
See Rohlfing v. State, 612 S.W.2d 598, 601 (Tex. Crim.
App. 1981) (noting that if a defendant=s contention is that another person, and not he, was identified by the
State=s witnesses, it is incumbent upon him to object to the identification
procedure employed or to make a bill of exception). Additionally, Appellant
testified on his own behalf, asserting self defense.

Appellant cites Rolfing to
demonstrate the minimum requirements for identifying the defendant in the
courtroom.  See 612 S.W.2d at
600.  Rolfing illustrates the
requirement that, viewing the totality of the circumstances, the jury be
adequately apprised that the witnesses were referring to the defendant.  Id. at 601.








In light of the totality of
the circumstances, it is apparent that the jury was adequately apprised that
the witnesses were referring to Appellant. 
Viewing the evidence in the light most favorable to the verdict, we hold
that a rational trier of fact could have found, beyond a reasonable doubt, that
Appellant was the perpetrator.  See
Roberson, 16 S.W.3d at 167. 
Accordingly, we overrule Appellant=s sole point.

                                           CONCLUSION

Having overruled Appellant=s sole point, we affirm the trial court=s judgment.

PER CURIAM

 

PANEL
B:  HOLMAN, LIVINGSTON, and DAUPHINOT,
JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 13, 2006

 











[1]See Tex. R. App. P. 47.4.