Affirmed and Memorandum Opinion filed April 3, 2003


















Affirmed and
Memorandum Opinion filed April 3, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-02-00203-CR

____________

 

JOSE GUADALUPE BALCAZAR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

__________________________________________________

 

On Appeal from
the 338th District Court

Harris County, Texas

Trial Court
Cause No. 872,380

 

__________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant appeals his conviction for
murder, challenging the legal and factual sufficiency of the evidence to
support the judgment.  We affirm.

Factual Background

            Shortly before 4:00 a.m. on the morning of March 22, 2001, Hedwig
Village Police Officer B.T. Jeffries attempted to stop appellant’s vehicle as
it sped down Echo Lane in Harris
County, Texas.  Appellant refused to
stop, forcing the officer to give chase for several blocks until appellant
pulled over.  The officer immediately
noticed appellant was sweating profusely in the cool night air, breathing
heavily, and covered with blood. 
Doubting seriously appellant’s claim that the blood came from chickens
he had been cutting up at home, the officer ran a routine warrant check and
discovered appellant had two outstanding traffic warrants.  After arresting appellant and taking him to
the Hedwig Village city jail,
the officer  found
eight dollars in currency, a Kroger Plus key chain, and a key in the backseat
where appellant had been sitting, all of which were covered in blood.  Officer Jeffries turned the items over to the
city jail booking area where officers photographed appellant and collected his
clothing.  Appellant’s clothing was
splattered with blood, particularly his tennis shoes. Small pieces of brain
tissue were seen imbedded in between the laces of his shoes.  Appellant’s socks also had blood on them,
especially in the toe areas.  Appellant’s
chest, abdomen, and arms were scratched and bruised, with dried blood visible
on his arms and hands.  There were no
obvious injuries to appellant sufficient to explain his appearance.  About that time, an officer came into the
jail and stated a homicide had just been reported on Long Point, a short
distance from where Officer Jeffries had stopped appellant.  As the homicide was being investigated by the
Houston Police Department, appellant’s clothing and property were retained for
Houston Police Department investigators.

            Houston Police Officer Ernest
Aguilar investigated the homicide scene, and testified that Javier Aguilar’s
badly beaten body was found around 3:30 a.m., March
22nd, at an apartment complex parking lot on Long Point.  A trail of bloody footprints led away from
the body.  Dried blood splatters were
found on a nearby car along with bloody palm and fingerprints on the front
bumper and hood.  The officer examined
appellant’s clothing at the Hedwig Village jail and
took samples of dried blood from appellant’s hands.  DNA testing showed that the blood taken from
appellant’s hands belonged to Javier Aguilar. 
Forensic testing revealed that the bloody prints found on the vehicle
next to Aguilar’s body matched appellant’s palm and fingerprints, and the
footprints leading away from the body were characteristic of the bloody tennis
shoes appellant had been wearing when arrested. 
It was also established that the currency and Kroger Plus key tag
belonged to Aguilar, and the key fit his automobile.  Evidence showed Aguilar died of a fractured
skull from blunt force trauma, consistent with being repeatedly kicked in the
head.  The complainant’s sister testified
complainant and appellant were acquaintances and that complainant had planned
to visit with appellant that evening, but never returned from the visit.

            The jury found appellant guilty of
murder, and assessed punishment at thirty-five years’ confinement and a $10,000
fine.

Analysis

            In four points of error, appellant
complains of legally and factually insufficient evidence to show he caused
complainant’s death or that he caused complainant’s death by committing an act
clearly dangerous to human life.  We will
address these inter-related points of error simultaneously.

            In reviewing the legal sufficiency
of the evidence, we examine all of the evidence in the light most favorable to
the prosecution to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State,
967 S.W.2d 410, 412 (Tex. Crim. App. 1998).  In reviewing the factual sufficiency of the
evidence, we review all the evidence without the prism of “in the light most
favorable to the verdict.”  Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996).  A verdict may be set aside for factual
insufficiency only when the verdict is so against the great weight and
preponderance of the evidence as to be clearly wrong and unjust.  Id. at 134–35.  

            In this case, there were no
witnesses to complainant’s death, and much of the State’s case is based on
circumstantial evidence.  It is well
established that the same standard of review applies whether a case is based
upon direct or circumstantial evidence.  King v. State, 895 S.W.2d
701, 703 (Tex. Crim. App. 1995).  The identity of a criminal perpetrator may be
established by either direct or circumstantial evidence.  Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim.
App. 1986).  

 class=Section2>

            We find the evidence legally and
factually sufficient, and overrule appellant’s points of error.  Evidence supporting the jury’s verdict of
murder included, but was not limited to complainant’s blood being splattered on
appellant and his clothing, especially in the toe area of his tennis shoes and
socks (significant in that complainant died of blunt head trauma consistent
with being kicked); the bloody footprints leading from complainant’s body being
characteristic of the tennis shoes worn by appellant at the time of his arrest;
appellant’s possession of bloody currency and other person items belonging to
complainant; and appellant’s palm and fingerprints on the vehicle parked next
to decedent’s body.  Appellant was
stopped by the police a short distance from where the murder occurred,
breathing strenuously, sweating profusely, covered in blood, and giving police
officers fabricated explanations for blood on his clothing.  Appellant and complainant knew each another,
and complainant had planned to visit appellant the night of his murder. 

Conclusion

            A rational jury could have found
beyond a reasonable doubt that appellant intentionally and knowingly caused
Javier Aguilar’s death or committed an act dangerous to human life which caused
his death.  The verdict is not so against
the great weight and preponderance of the evidence as to be clearly wrong and
unjust. 

            The
judgment is affirmed.

 

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed April 3, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).