Affirmed and Memorandum Opinion filed July 13, 2004









Affirmed and Memorandum Opinion filed July 13, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01129-CR

____________

 

SEDON LEMON EVANS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 943,378

 



 

M E M O R A N D U M   O P I N I O N

Appellant Sedon Lemon Evans appeals from
his felony conviction for the offense of aggravated robbery.  After finding appellant guilty of the above
charged offense, a jury assessed punishment at 35 years= confinement.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  We affirm.








In his sole issue presented for review,
appellant argues that the evidence is factually insufficient to support his
conviction because (1) no eyewitness could identify him from a police lineup,
and (2) a reasonable alternative hypothesis exists which exculpates him.  We address these contentions below in that
order.  In a factual sufficiency review,
we view all of the evidence in a neutral light, and we will set aside the
verdict only if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust, or the contrary evidence is so strong that the standard of
proof beyond a reasonable doubt could not have been met.  See Zuniga v. State, No. 539-02, ---
S.W.3d --- ,--- 2004 WL 840786, *6 (Tex. Crim. App. April 21, 2004).

First, appellant contends that the
evidence is factually insufficient to support his conviction because no
eyewitness was able to identify appellant from a police lineup.  He points to evidence that Ruby Guidry (the
victim of the robbery), Sandra Hulin (Guidry=s daughter who was
also an eyewitness to the robbery and was struck by the perpetrator during his
flight from the scene), and Milton Koonce (who viewed the robbery through a
rear-view mirror while seated in his car) were unable to positively identify
appellant as the perpetrator.  The
identity of a perpetrator of a crime, however, can be proved by either direct
or circumstantial evidence; eyewitness identification is unnecessary.  Earls v. State, 707 S.W.2d 82, 85
(Tex. Crim. App. 1986).

The State=s evidence
presented at trial supports the conclusion that appellant was the perpetrator
of the robbery.  Willaim Ener testified
that on February 2, 2003, he gave to appellant, whose hair at that time
appeared as braided Acorn rows,@ the keys to his
1990 white Mitsubishi Galant to hold in exchange for a certain amount of
cocaine.  Ener never gave appellant
permission to drive the vehicle since Ener expected to sell the car to a
prospective buyer the next morning. 
However, when Ener awoke the next morning, he realized that his car was
missing.  He believed that appellant had
driven off with it since there was no broken glass near the area where Ener had
parked the vehicle.








At the parking lot outside the Garden
Ridge Pottery store around noon on February 3, Guidry and Hulin were loading
their recent purchases into their vehicle when they heard the sound of a car=s engine
revving.  The car, which Guidry and Hulin
described as white and mid-sized, then turned the corner and stopped behind
Guidry and Hulin.  A muscular black man
with Akinky@ or braided hair
jumped out of the car, approached them, and, while brandishing a weapon,
demanded their purses.  The perpetrator
took Guidry=s purse and fled the scene by jumping back
into the white car and speeding off. 
Hulin recalled the license plate number of the white car and reported it
to police when they arrived.  Jared
Davis, an investigator with the Houston Police Department, later matched this
license plate number and vehicle description given by Hulin to a car registered
to Tahir Shaikh.  It was later discovered
that Shaikh had sold the vehicle to Ener on January 30, 2003.

When appellant returned the car to Ener
around 11:00 p.m. on the day of the robbery, appellant=s hair was not
braided in corn rows, but combed in an Aafro@ style.  The next morning, Ener, while cleaning out
the car for another prospective buyer, discovered, among other things, a
cigarette box and what turned out to be a bank deposit slip with the names of
both Guidry and Hulin on it. 
Investigator Davis later matched the fingerprints found on the cigarette
box and the deposit slip to those belonging to appellant.

While none of the eyewitnesses to the
robbery was able to positively identify appellant as the perpetrator, Hulin
identified appellant during a police lineup as having the same height as the
perpetrator.  At trial, Hulin testified
that appellant looked Afamiliar@ to her in terms
of his height, his build, and the shape of his face.

Based upon this evidence, we cannot say
that the State=s proof of appellant=s guilt is so weak
as to render the verdict clearly wrong and manifestly unjust.  Neither can we conclude that the State could
not have met the standard of proof beyond a reasonable doubt based on the
failure of the State=s eyewitnesses to positively identify
appellant as the perpetrator. 
Accordingly, appellant=s first contention
is without merit.








Second, appellant contends that the
evidence is factually insufficient to support his conviction because an
alternative reasonable hypothesis exists which exculpates him.  He claims that the only evidence supporting
his conviction is the testimony of Ener and Todd Chevalieo, both of whom had a
motive to fabricate a version of events implicating appellant because they
conspired to frame him for the robbery. 
The existence of an alternative reasonable hypothesis may be relevant
to, though not necessarily determinative of, a factual sufficiency review. Wilson
v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).

Based upon our review of the record,
however, we find appellant=s alternative
hypothesis to be unreasonable.  There is
no evidentiary basis to conclude that Ener and Chevalieo reached any sort of an
agreement to frame appellant for the robbery. 
Moreover, even if there were any evidence of such a conspiracy,
appellant wholly fails to explain the presence of his fingerprints on the bank
deposit slip containing the names of Guidry and Hulin, which is perhaps the
most powerful piece of evidence linking appellant to the robbery.  Because appellant=s alternative
hypothesis provides neither a reasonable explanation of the admitted evidence
nor an account of the critical evidence supporting the jury=s verdict, we find
that appellant=s second contention is without merit. See
Chambers v. State, 711 S.W.2d 240, 245 (Tex. Crim. App. 1986) (stating that
what is not in evidence is irrelevant for determining evidentiary sufficiency);
Villani v. State, 116 S.W.3d 297, 304-05 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (finding
factual sufficiency based on the appellant=s failure to
account for critical portions of evidence supporting jury finding).  Accordingly, appellant=s sole issue
presented for review is overruled.

The judgment of the trial court is
affirmed.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed July 13, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).