# NO. 12-08-00273-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PAULINE BAKER,*<br>*APPELLANT* | § | *APPEAL FROM THE SECOND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Pauline Baker appeals her conviction for possession of a controlled substance. In two issues, she argues that the trial court erred when it overruled her motion to suppress and that the State failed to prove that she was the person who committed the offense. We affirm.

### BACKGROUND

At about 4:45 one morning, a Jacksonville city police officer stopped a vehicle being driven by Anna Martinez for failing to signal a turn. The officer determined that Martinez's driver's license was expired, and he prepared a traffic citation for that offense. The officer also prepared a warning for the failure to signal a turn offense. The officer had allowed Martinez to remain in her car while he prepared his paperwork, but he asked her to step to the rear of the vehicle to sign the citation. As she did so, a small quantity of crack cocaine wrapped in plastic dropped from her person and fell to the ground. The officer recovered the cocaine and obtained Martinez's consent to search the vehicle.

The officer then asked Appellant, the passenger, to step from the vehicle so that he could conduct a search. She did, but as she alighted from the vehicle, a small packet of crack cocaine fell

from her person to the ground. The officer arrested the two women, and a laboratory test verified that it was crack cocaine that fell from Appellant's person.

Appellant was indicted for the felony offense of possession of cocaine in an amount of less than one gram. She waived trial by jury, and pleaded not guilty. A bench trial was held, and the trial court found Appellant guilty. Appellant pleaded true to allegations in the indictment that she had been previously convicted of two felony offenses. The trial court found the enhancement allegations to be true and assessed punishment at seven years of imprisonment. This appeal followed.

## MOTION TO SUPPRESS

In her first issue, Appellant asserts that the trial court erred when it overruled her motion to suppress evidence. Specifically, Appellant argues that the officer illegally detained her by extending the traffic stop longer than permitted by law.

### Applicable Law and Standard of Review

The Fourth Amendment protects individuals "against unreasonable searches and seizures." *Luna v. State*, 268 S.W.3d 594, 603 (Tex. Crim. App. 2008). When reviewing a trial court's ruling on a motion to suppress evidence alleged to have been obtained in violation of the Fourth Amendment, we review a trial court's express or implied determinations of historical facts, especially those that turn on credibility and demeanor, with great deference if the record supports those findings. *Dixon v. State*, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006). However, we review de novo the question of whether a specific search or seizure is "reasonable" under the Fourth Amendment. *Id.* (citing *United States v. Ornelas*, 517 U.S. 690, 691, 116 S. Ct. 1657, 1659, 134 L. Ed. 2d 911 (1996)); *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004).

### Analysis

Appellant does not challenge the initial stop of the vehicle nor does she assert that the officer did not have a legitimate reason to continue the detention after he observed the cocaine fall from the driver's person. Instead, Appellant argues that the officer unlawfully extended the traffic stop by asking the driver to exit the car to sign the citation. We disagree.

Generally, a police officer may require a driver to exit her vehicle as part of a traffic stop. *See Pennsylvania v. Mimms*, 434 U.S. 106, 109–11, 98 S. Ct. 330, 332–33, 54 L. Ed. 2d 331 (1977)

(per curiam); ***Rhodes v. State***, 945 S.W.2d 115, 117–19 (Tex. Crim. App. 1997). In allowing officers to remove drivers from their vehicle, the Supreme Court described the additional burden on the driver as de minimus and not a violation of the Fourth Amendment. ***Mimms***, 434 U.S. 106 at 111, 98 S. Ct. at 337. The additional intrusion in this case is similarly de minimus. The officer testified that he asked the driver to step to the back of the vehicle because that is the usual way he did things and so that he could ask her questions about the passenger, who was acting "jittery and nervous." Neither of these justifications would have been sufficient to extend the duration of the traffic stop. *See **Kothe***, 152 S.W.3d at 63 (citing ***Florida v. Royer***, 460 U.S. 491, 500, 103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983) ("[T]he scope of the detention must be carefully tailored to its underlying justification.")). But the Fourth Amendment requires only that a police officer's actions not "unduly prolong" a detention, not that the officer discharge his duties in any specific order. ***Kothe***, 152 S.W.3d at 65.

The officer's actions did not unduly prolong the detention. He was standing at the rear of the vehicle. The citation and warning were prepared, and he was going to ask the driver to sign the citation.[1] Either the officer had to walk to the driver's side door to deliver the paperwork, or the driver had to exit the car and walk to where the officer was. At most, it would have taken the driver a few moments to exit the car and sign the citation before she was released. This time would not, in our estimation, be appreciably longer than the time it would have taken the officer to walk to where the driver was.

Appellant does not argue that the officer did not develop reasonable suspicion to conduct a further investigation once the cocaine fell from the driver's person. The period of time in question is fleetingly short, and the officer's request that the driver exit the vehicle to sign the citation did not, under these circumstances, prolong the traffic stop unduly, if at all. Accordingly, we hold that the officer did not illegally detain Appellant, and the trial court did not err in overruling Appellant's motion to suppress. We overrule Appellant's first issue.

---

[1] Appellant does not assert that the driver did not need to sign the citation. *Compare* TEX. CODE CRIM. PROC. ANN. art. 14.06(b) (Vernon Supp. 2008) (general criminal statute for releasing persons cited for offenses), *with* TEX. TRANSP. CODE ANN. § 543.005 (Vernon Supp. 2008) (specific statute for Transportation Code, Title 7, Subtitle C, "Rules of the Road" offenses for which signing of failure to appear is a prerequisite to release). *See* TEX. TRANSP. CODE ANN. § 543.001 (Vernon 1999) (authorizing an officer to arrest persons found committing a violation of "this subtitle."). Section 543.001 is in Subtitle C of Title 7 of the Transportation Code.

In her second issue, Appellant argues that there was insufficient proof that she was the passenger in the automobile. We assume, based on the relief requested, that Appellant is arguing that the evidence is legally insufficient to prove that she is the person who possessed cocaine.

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See* ***Jackson v. Virginia***, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); ***Ross v. State***, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); ***Willis v. State***, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref'd). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See* ***Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; *see also* ***Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

The State must prove beyond a reasonable doubt that the person on trial is the person who committed the offense alleged in the indictment. *See* ***Threadgill v. State***, 146 S.W.3d 654, 663 (Tex. Crim. App. 2004). Proof that the person on trial is the person who committed the offense may be made by direct or by circumstantial evidence. *See* ***Earls v. State***, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986). In this case, the officer was never asked whether Appellant, the person in the courtroom, was the passenger in the vehicle who possessed the cocaine. However, there was additional and sufficient evidence in the record as a whole for the finder of fact to conclude that Appellant was that passenger. The officer identified the driver of the car by name and stated that there was a passenger. He never stated that there were more than two people in the car, and there is no reason to conclude that there were more than two people in the car.

The officer testified that he arrested both occupants of the vehicle and transported them to the Jacksonville Police Department to be booked. He then testified that two other officers "booked in Ms. Martinez and Ms. Baker and [he] went to the report writing room to do [his] report." On redirect, he testified that Pauline Baker was the defendant in the courtroom. Finally, in further questioning from the State, the following exchange occurred:

> Q:    Let's make it clear for the Court. The two rocks that you found that day[,] one from
>        Martinez and one from Baker[,] were the sizes that [looked] substantially different

4

to your sight that you could tell them apart?

A:     Yes.

Q:     Okay.  And who had the larger rock?

A:     Ms. Baker.

This testimony, taken together, would allow a rational finder of fact to conclude that there were two women in the car, that Appellant was the passenger, and that she possessed the cocaine in question.  Accordingly, we hold that the evidence is legally sufficient to support the verdict, and we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the judgment of the trial court.

SAM GRIFFITH
Justice

Opinion delivered April 22, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)