

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00401-CR

———————————————

DWIGHT LESLIE CLIFFORD, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 2
Denton County, Texas
Trial Court No. CR-2016-10477-B

Before Sudderth, C.J.; Gabriel and Pittman, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

A jury found Appellant Dwight Leslie Clifford guilty of a Class A misdemeanor count of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a), (d) (West Supp. 2018). The trial court adjudicated him guilty; assessed his punishment at 180 days' confinement and a $750 fine; suspended the jail sentence; and placed him on community supervision for twenty-two months. *See* Tex. Code Crim. Proc. Ann. art. 42A.053(a)(2) (West 2018). In a single issue, Appellant contends that his conviction is not supported by legally sufficient evidence. Because we conclude otherwise, we affirm.

## I. BACKGROUND

Kayla Criswell testified at trial that on September 25, 2016, she went to her friend Wendy's residence to visit. At that time, Wendy lived at a house in Flower Mound that was owned by Crystal, and when Kayla arrived there on the evening of September 25, Wendy and Crystal were there, as was another of Kayla's friends named Cody. Shortly after Kayla arrived, she saw Appellant driving a white Ford sedan down the road toward Crystal's house. Kayla saw Appellant pull into Crystal's driveway, get out of the Ford sedan, and walk up to Crystal, who was sitting outside on the patio near her front door. When Appellant got out of his car, Kayla saw him stumbling and heard him slurring his speech. Kayla also saw that nobody else was in his car. As Appellant approached Crystal, she began yelling at him, there was a scuffle, and then Crystal went inside her house.

At that point, Kayla walked to the front door and encountered Appellant. As she got close to him, she could smell alcohol on him. Kayla said that Crystal had told both her and Wendy that she did not want Appellant at her house. Kayla blocked the front door and asked him to leave, but he tried to push past her in an attempt to enter Crystal's house. Kayla called 911 to report the incident, and as she was on the phone, Appellant walked back to his car, grabbed a small duffle bag from inside, and came back to the front door. Kayla assumed Appellant was attempting to stay the night at Crystal's house, and he kept trying to push past her to get inside the house. A police officer arrived shortly after.

When the prosecutor asked Kayla whether she saw Appellant sitting in the courtroom, Kayla did not identify him but rather replied that the first time she had ever seen Appellant was the night of the incident and that she had not seen him since. The prosecutor followed up by asking Kayla if she was able to recognize Appellant in the courtroom, and Kayla replied, "I believe so," though she did not point him out. When the prosecutor asked Kayla why she was uncertain as to whether Appellant was in the courtroom, Kayla reiterated that she had never seen him before the September 25 incident or after it. However, she added that she knew of Appellant because Wendy lived at Crystal's house, and when Appellant arrived at Crystal's house, Wendy told her that he was Crystal's boyfriend. Kayla also testified that she never lost sight of Appellant after he pulled into Crystal's driveway.

Officer David Borel of the Flower Mound police department also testified at trial. Officer Borel stated that on September 25, 2016, he responded to a call of an intoxicated person at Crystal's house. He said that when he arrived, he saw Kayla standing in the doorway of Crystal's house and saw an intoxicated male standing on the porch. Officer Borel stated that the intoxicated man who was standing on the porch was Appellant and that he had identified him through his Texas driver's license. When asked to identify the intoxicated man whom he had encountered on the porch, Officer Borel identified Appellant.

Officer Borel testified that Kayla informed him that Appellant had arrived in the white Ford sedan that was still in the driveway. In performing his investigation, Officer Borel concluded that Appellant was highly intoxicated—he had a strong odor of alcoholic beverage on his breath; had red, bloodshot, and watery eyes; slurred his speech; and stumbled as he walked. Officer Borel further stated that Kayla had told him that she had seen Appellant operating a motor vehicle on the residential street in front of Crystal's house, pulling into the driveway, and getting out of the vehicle, and that she reported that Appellant was the sole occupant of that vehicle. Officer Borel testified that the residential street in front of Crystal's house is a public place. Officer Borel reported that Appellant refused to perform field sobriety tests. Based on his observations of Appellant, Officer Borel believed he was heavily intoxicated from the introduction of alcohol into his system, so Officer Borel arrested him for driving

4

while intoxicated. Officer Borel stated he had determined that Appellant was driving the white Ford sedan based on Kayla's report that she had seen him driving it.

Officer Borel requested that Appellant provide a specimen of his breath or blood, but he refused. So Officer Borel transported Appellant to the police department, obtained a search warrant to collect a specimen of his blood, transported him to the hospital, and had a nurse draw a blood specimen. The parties stipulated before the jury that a forensic analysis of the specimen showed an alcohol concentration of .220 grams of alcohol per 100 milliliters of blood.

Officer Randy Posey of the Flower Mound police department also testified. He stated that he responded to Crystal's house on September 25, 2016, for a call that an intoxicated person had arrived at her residence. Officer Posey stated that the residential street in front of Crystal's house is a public place. When he arrived, Officer Posey encountered the intoxicated man and conducted a quick interview of him. During that short interaction, Officer Posey noticed that the man was unsteady on his feet and that his eyes were bloodshot. Like Officer Borel, Officer Posey identified Appellant in the courtroom as the intoxicated man he had encountered at Crystal's house on September 25, 2016. Officer Posey testified that after his short interview with Appellant, Officer Borel took over the investigation of Appellant, so Officer Posey then went to interview Kayla and Crystal.

## II. LEGALLY SUFFICIENT EVIDENCE SUPPORTS THE JURY'S VERDICT

Appellant contends that the evidence is legally insufficient to support his conviction for the charged offense.

### A. APPLICABLE LAW

A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place." Tex. Penal Code Ann. § 49.04(a). The jury was instructed that "intoxicated" meant "not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body or having an alcohol concentration of .08 or higher." *See id.* § 49.01(2). And while that offense generally is a Class B misdemeanor, it escalates to a Class A misdemeanor if the evidence at trial shows that an analysis of a specimen of the defendant's blood, breath, or urine showed an alcohol concentration level of 0.15 or more at the time the analysis was performed. *See id.* § 49.04(b), (d).

### B. STANDARD OF REVIEW

Federal due process requires that the State prove beyond a reasonable doubt every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *see* U.S. Const. amend. XIV. In our due-process evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex.

Crim. App. 2017). This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319; *Queeman*, 520 S.W.3d at 622.

### C. ANALYSIS

Appellant contends that his conviction is not supported by legally sufficient evidence specifically because the State failed to prove that he operated the white Ford sedan in a public place. He acknowledges that during her testimony, Kayla referred to him by name as the driver and sole occupant of the white Ford sedan. He argues, however, that her testimony is insufficient to show that he operated the car in a public place because she was unable to identify him as the driver in court. And he asserts that no other evidence admitted at trial showed that he drove the white Ford sedan in a public place while intoxicated. We conclude that although Kayla did not identify Appellant in the courtroom as the person who had driven the white Ford on the public road before pulling into Crystal's driveway, there was other evidence that supported the jury's finding that Appellant was the person who committed the offense. *See Oliver v. State*, 613 S.W.2d 270, 274 (Tex. Crim. App. 1981) (op. on reh'g) ("Evidence as to the identity of [the accused] may be proven by direct or circumstantial evidence."). Any failure of a witness to identify Appellant at trial goes to the weight and credibility of the witness and was before the jury for its consideration. *See Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986).

7

Given the evidence we set forth above, a rational factfinder could have concluded that Appellant was the person whom Kayla saw driving the white Ford sedan on the street in front of Crystal's house because she identified the intoxicated man on the porch as such to Officer Borel when he arrived on scene, Officer Borel identified the intoxicated man as Appellant by his driver's license, and Officer Borel identified Appellant in the courtroom.[1]  And given Officer Borel's and Officer Posey's testimony that the residential street in front of Crystal's house was a public place, and the parties' stipulation that an analysis of the specimen of Appellant's blood showed a blood alcohol concentration of 0.220, a rational factfinder could have concluded both that Appellant operated a motor vehicle in a public place while intoxicated and that an analysis of a specimen of his blood showed an alcohol concentration level of 0.15 or more at the time the analysis was performed.  *See* Tex. Penal Code Ann. §§ 49.01(2), 49.04(a), (d).

Viewing all of the evidence in the light most favorable to the verdict, we hold that legally sufficient evidence supports the jury's verdict finding Appellant guilty of the charged offense.  We therefore overrule his sole issue.

---

[1]It appears that Appellant contends the trial court sustained an objection to Officer Borel's testimony that Kayla told him that Appellant drove the white Ford sedan on the residential road leading to Crystal's house and instructed the jury to disregard that testimony.  That is not so.  While Appellant objected to a portion of Officer Borel's testimony in which he testified that Kayla, Wendy, and Crystal had all told him that Appellant was driving on the street, Officer Borel had also stated earlier, without objection, that after he arrived on scene, Kayla told him that Appellant had been driving the car.

## III.  CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.
Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 13, 2018