Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

Nos. 04-09-00620-CR & 04-09-00621-CR

Danielle **DEROVEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2008-CR-7466A & 2008-CR-7467A
The Honorable George Allen, Judge Presiding[1]

Opinion by:    Rebecca Simmons, Justice

Sitting:        Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  December 1, 2010

AFFIRMED

On November 24, 2010, this court issued an opinion and judgment that mistakenly failed

to reference a companion case.  This court's opinion and judgment dated November 24, 2010

are, therefore, withdrawn, and a new opinion and judgment are substituted.  These appeals arise

from the conviction of Danielle Deroven for two counts of murder.  Deroven contends that the

---

[1] Sitting by assignment.

evidence is factually insufficient to sustain his conviction. We affirm the judgments of the trial court.

## BACKGROUND

The facts of this case concern the exchange of several rounds of gunfire from automatic weapons outside of Stacy's Sports Bar. As a result of this exchange, two brothers, Demetris Keno and Eugene "Emil" Keno, who frequented the bar, were shot to death.

On August 25, 2007, Demetris and Emil visited Stacy's in the early morning hours with their friends Jamie Garnett, Arthur Randall, and Sexie Gardner. Deroven and his acquaintances, including Frank Dotson, Henry Lee "Little Henry" Allmond, and Little Henry's father, "Big Henry," were also at Stacy's. Around 1:00 a.m., a fight erupted in the bar, and Little Henry was hit with a pool stick. After security guards at Stacy's threw Little Henry out of the bar, he went to Dotson's car to get a gun. Demetris, Emil, and Arthur Randall exited the bar shortly thereafter.

Before the fight broke out, Jamie Garnett, who had imbibed several drinks and used cocaine, exited the bar to smoke marihuana and sell drugs in the parking lot. After she returned to the bar, she saw evidence of the fight and then went back outside where she joined Demetris, Emil, and Arthur Randall. An argument between Demetris and Big Henry ensued in the parking lot, but appeared to de-escalate. Moments later, however, shots were fired across the parking lot. Demetris, Emil, and Garnett fell to the ground among several parked cars for cover. While on the ground, Garnett and Emil planned their escape back inside. When they started to get up, a man came from around the corner of a parked car carrying a MAC-11 handgun. The man shot Emil twice, and then shot both Demetris and Emil as they lay on the ground.

Several other witnesses heard the "massive amount" of gunfire in the parking lot. Among these witnesses was Rene Allen, who was the head of security at Stacy's. He looked out the window and saw Little Henry, Frank Dotson, and Deroven, all regulars at Stacy's, holding and shooting guns.

Deroven was charged by indictment for the murders of Demetris and Emil, and entered a plea of not guilty. At the conclusion of the trial, the jury convicted him on both counts. Deroven now challenges the sufficiency of the evidence to support his conviction.

### SUFFICIENCY OF THE EVIDENCE

Deroven's sole issue on appeal is that the evidence is factually insufficient to support his conviction. More specifically, Deroven argues that the evidence is insufficient to connect him to the deaths of Demetris and Emil. Since this case was submitted, the distinction between factual and legal sufficiency review was abolished in *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *1 (Tex. Crim. App. Oct. 6, 2010). Thus, to address Deroven's contention, we review the legal sufficiency of the evidence under the standard provided in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks*, 2010 WL 3894613, at *1.

In reviewing the sufficiency of the evidence, an appellate court examines "the evidence in the light most favorable to the prosecution" and determines whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original); *Sells v. State*, 121 S.W.3d 748, 753–54 (Tex. Crim. App. 2003). We do not substitute our judgment for that of the jury. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). "The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); *see*

*also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979). Furthermore, we "resolv[e] inconsistencies in the testimony in favor of the verdict." *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

The Texas Penal Code defines murder as intentionally or knowingly causing the death of an individual. TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2003). The State may prove the identity of a perpetrator of a murder by either direct or circumstantial evidence. *See Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986). Jamie Garnett testified that she saw Deroven shoot repeatedly at Emil. Though Deroven argues that Garnett's testimony is unreliable because she was drinking alcohol, ingesting cocaine, and smoking marihuana that evening, the jury, as the "exclusive judge of the credibility of witnesses and of the weight to be given testimony," could have believed Garnett's testimony. *See Wesbrook*, 29 S.W.3d at 111. Rene Allen, the head of security at Stacy's, also saw Deroven holding and shooting a gun. Additionally, another witness, LaToya Blanton, testified that Deroven told her that he owned a MAC-11 that he had used to shoot at the Keno brothers at the bar that night. Edward Wallace, a forensic scientist who works at the Bexar County Crime Lab, testified that he tested all of the bullet fragments from the bodies of Demetris and Emil, and determined that they were all fired by the same MAC-11 handgun. Because the witness's testimony sufficiently linked Deroven to the deaths of both Demetris and Emil, the evidence is sufficient to support the jury's verdict. *See Jackson*, 443 U.S. at 319; *Sells*, 121 S.W.3d at 753–54.

## CONCLUSION

Because an eyewitness testified to seeing Deroven shooting one of the victims and because other testimony supported that the same shooter shot both victims, the evidence is sufficient to support Deroven's conviction. We, therefore, affirm the judgments of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH